[Civ. No. 15696. Second Dist., Div. Three. Sept. 4, 1947.]

GLADYS M. STANBERRY, Appellant, v. JIM L. STAN-BERRY, Respondent.

Kenneth Sperry for Appellant.

No appearance for Respondent.

SHINN, Acting P. J.—This is an appeal by plaintiff, Gladys M. Stanberry, from orders of court modifying an interlocutory judgment of divorce so as to relieve the defendant from paying any sum to plaintiff for the support of herself and the three minor children of the parties so long as plaintiff and the children are residing outside of Los Angeles County.

By the terms of a property settlement agreement, which was approved by the court, and by judgment of divorce rendered in favor of plaintiff on July 23, 1945, defendant was ordered to pay to plaintiff for the support of herself and the minor children, Jimmy, age 12, Arthur, age 8, and Gladys, age 2 years, $100 per month until the further order of the court, and was given the right of reasonable visitation of the children. At that time plaintiff owned a home in Long Beach where the parties had been residing. In November of 1945, she sold her home and returned to her former home in Texas, where she owns a residence, in which she has since resided with the children. Defendant thereupon ceased all payments to plaintiff under the judgment.

In January, 1946, defendant filed an affidavit setting forth that plaintiff had removed to Texas with the children and made request that the court specify the amounts to be paid to plaintiff for her support and for the support of the children and that the decree be modified so as to excuse him from making payment for the support of the children while they were residing outside the State of California. An order to show cause was thereupon issued directed to plaintiff. It was served only upon the attorney who had represented her in the divorce action but plaintiff later appeared in the proceeding. In February, 1946, upon the affidavit of plaintiff that defendant was in arrears in the amount of $300 in payment of support money, an order was issued for defendant to show cause why he should not be found in contempt. After various continuances the matters came on for hearing on March 25, 1946, and defendant's application was referred to a court commissioner. The application for modification was heard before the commissioner, who made findings of certain statistical facts, which included findings that the requirements of plaintiff and the children were $173.89 per month, the earnings of defendant

$300 per month, and his estimated expenses $195 per month. The findings stated that "[P]laintiff and minor children moved to Dennison, Texas, during November, 1945; now residing at 730 E. Chestnut St. in Dennison; no order of court permitting plaintiff to take the children to the State; . . . Impossible for defendant to visit children while they reside out of Los Angeles County." The commissioner made a recommendation reading as follows: "That interlocutory judgment heretofore entered on July 26, 1945, be modified to provide that defendant pay to plaintiff the sum of $100 per month for the support and maintenance of plaintiff and minor children so long as plaintiff and minor children reside in Los Angeles County; that defendant be relieved from payments on account of alimony and support of children while said children are residing outside of Los Angeles County, unless order of Court has been obtained permitting plaintiff to take the children from Los Angeles County." This recommendation was followed by the words "So Ordered," to which the trial judge subscribed his name.

In the afternoon of the day of the hearing before the commissioner, the contempt matter was heard before the judge. Defendant was found guilty of contempt of court, was fined $10 and the fine was suspended. The minutes of that hearing concluded as follows: "The court orders that no further payments are due from defendant to plaintiff until such time as plaintiff returns the children to the jurisdiction of the court." On April 2d, a further minute order was entered in the exact language of the commissioner's recommendation. It may be noted here that the relief awarded defendant was in excess of that which he requested. Under the property settlement agreement and the judgment he was required to pay plaintiff the sum of $100 per month for the support of herself and the children until the further order of the court and his obligation was not limited to the times when plaintiff and the children were residing in Los Angeles County. He asked the court to specify the amount he should pay to plaintiff for her support and the amount he should pay for the children. The court did not do this but relieved him from all obligation except when the plaintiff and children resided in Los Angeles County.

The appeal is sustainable upon several grounds:

(1) Defendant apparently conceded that he was obligated under the property settlement agreement to pay some amount monthly for plaintiff's support even though she was

residing in Texas. The agreement and the decree should have been construed together in order to determine whether the reserved power of the court to modify the decree related only to provision for the children. If there was a contract obligation arising out of a property settlement to pay support to plaintiff, defendant could not be relieved of it by court order. So far as shown by the record, the agreement was not before the court. In view of defendant's implied admission, the court should not have ignored his request that the amounts payable for plaintiff's support and that of the children be specified and should not have relieved him of all obligation when he was requesting only partial relief.

(2) The controversy was not solely between plaintiff and defendant; the children were interested parties but their interest seemed to have been overlooked. In the hearing before the commissioner plaintiff offered to prove by her deposition that she suffered from sinus trouble and one of the boys suffered from asthma in Long Beach; that she had been advised by her physician to move to a drier climate; that she had endeavored to find a home near the foothills of Los Angeles County but had been unable to do so; that her physician then advised her to move with the children to Texas; that she had thereupon sold her home in Long Beach and moved to one she owned in Texas; and that her health and that of the children had been good since her change of residence. The commissioner, upon defendant's objection, refused to receive any evidence upon the subject of the health of plaintiff and the children in Long Beach or Texas and excluded all evidence as to the advice she had received from her physician as to the advisability of leaving Long Beach. The exclusion of this evidence was error. The right of defendant to visit his children was subordinate to the welfare of the children and the court should have considered all evidence tending to show a reasonable necessity for their removal to Texas.

(3) The only inference that may reasonably be drawn from the evidence is that defendant was not less interested in being relieved of his obligation to support the children than he was in an opportunity to visit them. He testified that from the time the decree was rendered in July of 1945, until plaintiff left in November, plaintiff had refused to allow him to see the children. Plaintiff testified that upon the first occasion when defendant came to the home he forced his way into the house and knocked her down. Defendant, in his testimony,

did not deny this. Plaintiff also testified that upon one other occasion when defendant came to the house he was abusive, started quarreling with her, made no effort to visit with the children and caused them all to become highly nervous and excited. Defendant did not deny this but, upon the contrary, testified that when he went to the home he accused plaintiff of misconduct with another man and that this resulted in an altercation in the presence of the children. Plaintiff did not deny having refused defendant admission to the home and testified that she told defendant to take the matter up in court. Defendant did not take his grievance to court and if he had done so he would not have been permitted to enter the home for the purpose of quarreling with plaintiff under the pretense that he wished to visit the children. All of this evidence had a bearing upon the good faith of defendant, and his motives in making the present application were an important factor for the court to consider.

(4) The evidence referred to in the two preceding paragraphs bore directly upon the merits of defendant's application and the grounds upon which it was resisted by plaintiff. While plaintiff's offers of proof were made to the commissioner and the other evidence was introduced in the hearing before him, no part of these proceedings was before the court directly or in the report of the commissioner. The judge heard only the contempt matter. The court may not act upon the mere recommendation of a commissioner in matters involving issues of fact tried before him. There should be findings upon all the material issues. Here there should have been findings as to whether good grounds existed for allowing the children to remain in Texas and as to whether they would be in need of receiving support from defendant while they were there. In the contempt proceeding the judge directed that defendant be required to make no more payments until the children had been returned to Los Angeles County, although it was called to his attention that plaintiff's deposition had been given and that it was not before the court. If, perchance, the judge did see the deposition, outside of the hearing, it must be presumed that he agreed with the commissioner that it was immaterial whether the health of plaintiff and the children made it reasonably necessary for them to move to Texas. But upon the record before us we cannot assume that the judge was aware of the fact that plaintiff was justifying her removal from Long Beach upon that ground.

█ Finally, irrespective of the matters we have discussed, we are unable to see how the order appealed from could have accomplished a just result. The unfortunate situation of the interested parties was brought about by the actions of the parents. While the children were in California defendant could have enforced his right through the court to visit them. He would have been allowed to visit them so long as he behaved himself on his visits, but only on that condition. According to his admission he went to the home for the purpose of quarreling with plaintiff. Whether his conduct had an influence upon plaintiff's decision to take the children away can only be conjectured. Plaintiff testified that defendant had often urged her to return to Texas. Defendant did not deny this, although he testified that he thought she was only intending to visit in Texas, notwithstanding the fact that she had sold her Long Beach home. Plaintiff, nevertheless, should not have taken the children to Texas without the court's permission. The children were helpless in this situation and they are the ones who will suffer if the order should be allowed to stand. The sensibilities of defendant, assuming that they have been offended in a measurable degree, weigh lightly against the right and the necessity of the children to be adequately clothed and fed and to have their health and welfare conserved by all available, reasonable means. The practical effect of the order would be to leave the children in Texas without support from their father. Plaintiff endeavored without success to find a suitable home in Los Angeles County. In any event, considering the prevailing local housing shortage, defendant's efforts to force the return of the family to California should not have excited the sympathy of the court in the absence of assurance that a suitable home would be available to them.

The orders are reversed.

Wood, J., concurred.