[Civ. No. 3521. Fourth Dist. Jan. 30, 1947.]

PAUL RICCOMINI, Respondent, v. ROSE RICCOMINI et al., Appellants.

Claflin & Chain for Appellants.

Kendall, Howell & Deadrich for Respondent.

GRIFFIN, J. — Plaintiff brought an action for divorce against defendant, his wife, on the grounds of extreme cruelty and adultery. A property settlement agreement was entered into and plaintiff secured an interlocutory decree of divorce on the grounds of extreme cruelty on April 13, 1925. The agreement was made a part of the decree and was approved by the court and defendant was awarded the custody of the three minor children, then aged 12, 10 and 8 years respectively.

The property settlement agreement provided for a cash payment by plaintiff to defendant of $2,000 and provided for a payment of $6,000 in monthly installments of $60 at four per cent interest. It also provided that defendant was to take care of and have the custody of the minor children "and that the payments, herein provided to be paid, are made for the purpose of the support and maintenance of said minor children;" that the defendant execute a deed to plaintiff for all her interest, as wife, in the community real property; that plaintiff execute a note and trust deed for $6,000, payable as set forth, "to secure the . . . defendant in the performance of this obligation"; that defendant "accepts the sum of $8,000

... to be paid for the support and maintenance of said minor children, in full settlement'' of all her claims as a wife.

The deeds were duly executed. Plaintiff made all payments under the trust deed when due up to January 12, 1928. A final decree of divorce was obtained in 1927. The oldest child was stricken and became permanently disabled. The defendant, on October 25, 1927, moved the trial court, in the divorce action, to modify the decree and allow her increased maintenance for the children from the sum of $60 per month to $150 per month. The motion was heard and granted in part. By minute order plaintiff was ordered to pay the probation officer $90 per month, which sum was to be given to defendant for support of the children. No modification of the decree was made. No further action was taken. Plaintiff made the payments under the original agreement and defendant kept the children with her until January 12, 1928, at which time defendant took the three children and left them with plaintiff, at his home, and he kept them thereafter and supported them until the two daughters were married. The crippled girl is still with him. He made no payments to defendant after January 12, 1928. He had paid to her on account of the trust deed, the sum of $2,606.26, leaving an apparent balance due of $3,393.74 on the principal of said note and trust deed at the time of the trial of this action.

Defendant at no time thereafter demanded any further payments on the trust deed and did not seek return of the children. Plaintiff never had the legal custody of the children changed or modified in the decree. The note and trust deed became barred by the statute of limitations. Defendant remarried. In June, 1944, 16 years later, plaintiff desired to clear his title to the property, and wrote defendant for a reconveyance, which she refused to sign. On September 29, 1944, this action to quiet title against the Bank of America National Trust & Savings Association, trustee under the trust deed, and Rose Riccomini, his wife (herein referred to as defendant) was instituted.

Defendant answered and set up the note and trust deed as a defense and asked for equitable relief. After the introduction of the several documents into evidence both parties testified at the trial as to the circumstances surrounding the execution of the trust deed, note and property settlement agreement.

The husband testified that it was his intention to pay his wife $8,000 in full settlement for her interest in the property

and in consideration for her supporting the minor children; that $2,000 was paid in cash and a $6,000 trust deed and note, payable $60 per month, was executed with the understanding that she had to support the children out of the payments.

The wife testified that her interest in the community property was to be $8,000 and she was to support the children.

On April 25, 1945, the trial court found that plaintiff was entitled to have his title quieted and cleared of any lien of the deed of trust; that the defendant was the beneficiary under the trust deed and note; that plaintiff had complied with all of the terms and conditions of the agreement upon which the trust deed and note were issued; that the principal sum and interest on the note has been paid and that plaintiff is entitled to have the note canceled and the lien of the trust deed removed from the property.

No provision was made in the decree for the payment of the balance claimed due to defendant from plaintiff on the note and trust deed.

Defendant appealed and now argues that there is no evidence, or at least not sufficient evidence, to support the finding, and that the finding is based upon an erroneous construction of the property settlement agreement in that the court construed it to mean that the $8,000 that plaintiff agreed to pay defendant was simply an agreement to pay said sum ''for the support of the children as long as they were in defendant's possession'' and that while in her possession she had to support them out of the payments made upon the trust deed. It is her claim that in fact and in law the $8,000 was to be a payment to defendant for her one-half interest in the community property.

■ The agreement is susceptible of the interpretation placed upon it by the trial court, and that interpretation is not unreasonable. Under such circumstances, we are bound by such interpretation. (*Tide Water Associated Oil Co.* v. *Curtin,* 41 Cal.App.2d 884 [107 P.2d 945].)

■ Defendant next argues that even though the statute of limitations had run against the note and trust deed, it did not extinguish the debt, but merely provided a defense against its enforcement and therefore plaintiff was obligated under the rules of establishing equitable title to real estate as a condition precedent to relief, to do equity and pay her the balance she claims was due under the trust deed. (Citing such cases

as *Bradley Co.* v. *Ridgeway,* 14 Cal.App.2d 326, 336 [58 P.2d 194].)

There is no argument as to the general rule. What is equitable under a given set of circumstances is not always a question of law but may be a question of fact for the determination of the trial judge. It was the intention of the plaintiff, as construed by the trial court, to make the payments on the trust deed to defendant for the sole benefit of the minor children for their support and maintenance. When the defendant was relieved of this obligation and the obligation was transferred to plaintiff by the act of the defendant, the plaintiff was justified in terminating the payments thereon, as his equitable obligation to further pay her $60 per month for their support also terminated. It was intended that his obligation to pay the trust deed could be terminated under other conditions as well. The agreement provides that if the custody of the children be given to any other person than defendant, in the contemplated divorce action, then the ''payments under the contract shall immediately cease . . .,'' or if the custody of the minor children shall, by the court, be taken from her, at the instigation of parties, other than plaintiff herein, then the payments under the contract shall cease.

It does not affirmatively appear that plaintiff's conduct shows an unwillingness to pay a just indebtedness concededly due on the ground that the debt, so morally due, is barred by the provisions of the statute of limitations, as indicated in *Bradley Co.* v. *Ridgeway, supra.*

The plaintiff, having substantially complied with all of the requirements for payments, as set forth in the agreement, is entitled to a reconveyance and to have his title quieted unconditionally. (*Savings & Loan Society* v. *Burnett,* 106 Cal. 514 [39 P. 922]; *Wagner* v. *Shoemaker,* 29 Cal.App.2d 654 [85 P.2d 229].)

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.