[Civ. No. 3822.   Fourth Dist.   Nov. 19, 1948.]

JOSEPHINE ALEXANDER, Appellant, v. CHARLES ALEXANDER, Respondent.

Hahn, Ross & Goldstone for Appellant.

Norman A. Obrand for Respondent.

MUSSELL, J.—Plaintiff appeals from an order denying her application for modification of the provisions of an interlocutory decree of divorce ordering defendant to pay $65 per month for her support and maintenance until her death or remarriage, as set forth in the property settlement approved by the court.

Plaintiff filed her complaint for divorce on June 13, 1936. The default of defendant was entered on the 23d of the same month and plaintiff obtained an interlocutory decree on August 31, 1936. A property settlement agreement was entered into by the parties on July 1, 1936, and was approved by the court.

This agreement contained a recital that it was the desire of the parties thereto that their relation with respect to all property and other financial matters be settled and finally determined and established by the agreement, and that provision be made for the support and maintenance of plaintiff and the care, custody and control of the two minor children of the parties. The community property was described as an automobile, household furniture, and an interest in two cafes, one in Indio and the other in Blythe, California.

It was agreed that defendant should pay $65 per month to plaintiff for life unless she remarried; that each should have the custody of one of the minor children and that defendant should pay $35 per month for the support of the child in the custody of plaintiff. It was further agreed that plaintiff would, and she did assign all her right, title and interest in and to the community property, including an automobile, to the defendant who, in consideration of said assignment *and the other covenants and agreements,* agreed to execute a promissory note to plaintiff in the sum of $500, secured by chattel mortgage. The note was payable at the rate of $100 per month for five months. Defendant agreed to pay the attorney's fees in the pending action and each party released and discharged the other of and from any claims or demands or obligations arising out of their marital relations except as provided in the agreement. It was agreed that neither of the parties would thereafter assert any right, interest or title to any property of the other. The agreement contained a recital that each party acted upon the advice of counsel and a stipulation that the provisions of the agreement might be made a part of any decree that might thereafter be granted in the pending action.

The final decree was entered September 1, 1937, and by its terms the provisions of the interlocutory decree relative to alimony, custody and support of children were made binding on the parties. The decree provided that wherein the interlocutory decree related to the property of the parties, the said property was thereby assigned in accordance with the terms thereof.

On April 22, 1947, the court issued an order to show cause on the affidavit of plaintiff that defendant is now earning more money than at the time of the decree; that plaintiff is ill and unable to work and that defendant should pay $175 per month for her support.

At the hearing on the order to show cause it was argued by counsel for defendant that the property settlement agreement, made a part of the interlocutory decree, had the effect of being a settlement of the property rights of the parties and therefore was not subject to modification. On this ground the court denied the motion and no further proceedings were had with respect to the needs of the plaintiff or the ability of defendant to pay.

The sole question involved is whether the court was without jurisdiction to modify the provisions of the interlocutory decree relating to support and maintenance of plaintiff where such provisions were predicated upon a written property settlement agreement of the parties which had been approved by the court.

In *Holloway* v. *Holloway*, 79 Cal.App.2d 44 [179 P.2d 22], the court in considering the question here involved and under a similar factual situation, said, at page 46:

"This question must be answered in the affirmative and is governed by this settled rule: A property settlement agreement containing provisions for the support and maintenance of the wife as part of the division of the property of the parties is binding on the trial court in the absence of fraud, duress, undue influence, violation of the confidential relation, or other circumstances showing the agreement to be inequitable, and after approval of the trial court such provision for the support and maintenance of the wife cannot be modified by the court without the consent of the parties." (*Adams* v. *Adams,* 29 Cal.2d 621, 625, 628 [177 P.2d 265].)

In the Adams case it was stated, page 624, that "[p]roperty settlement agreements occupy a favored position in the law of this state and are sanctioned by the Civil Code," (*Hill* v. *Hill,* 23 Cal.2d 82, 89 [142 P.2d 417]; *Hensley* v. *Hensley,*

179 Cal. 284, 287 [183 P. 445]; Civ. Code, §§ 158, 159) and that such agreements are usually made with the advice of counsel after careful negotiation and the courts, in accord with legislative sanction, prefer agreement rather than litigation. It was there held that contracts in which the "support and maintenance" provisions are not in the nature of alimony but are a part of the division of property, must be treated like all other property settlement agreements dealing solely with division of property. (*Ettlinger* v. *Ettlinger,* 3 Cal.2d 172, 177, 178 [44 P.2d 540].) If the contract was not fraudulent when made, and there was no violation of the confidential relationship, it will be binding on the court and there can be no modification of the payments after the decree without the consent of the parties. (*Puckett* v. *Puckett,* 21 Cal.2d 833, 840 [136 P.2d 1].)

In the instant case the agreement was approved by the court. It was executed with the advice of counsel and purported to settle finally the relation of the parties with respect to all property and other financial matters. The community property rights were determined. The defendant, in consideration of an assignment by plaintiff of her interest in the community property, and in consideration of the other covenants and agreements contained in the contract, executed to plaintiff and paid a promissory note in the sum of $500. Except as otherwise provided in the agreement, each of the parties released and forever discharged the other of and from claims or demands or obligations of any kind or character arising out of their marital relations.

The trial court had jurisdiction to determine whether the decree was based upon a property settlement agreement and was not subject to modification, or was based upon alimony or support allowance covenants and therefore subject to modification. (*Hough* v. *Hough,* 26 Cal.2d 605, 613 [160 P.2d 15].) When the construction given an instrument by the trial court appears to be reasonable and consistent with the intent of the party making it, courts of appellate jurisdiction will not substitute another interpretation even though it seems equally tenable. (*Tide Water Associated Oil Co.* v. *Curtin,* 41 Cal.App.2d 884, 895 [107 P.2d 945].)

Order affirmed.

Barnard, P. J., and Griffin, J., concurred.