[Civ. No. 19263.   Second Dist., Div. Two.   Mar. 9, 1953.]

FRANCES E. SHEPARD, Appellant. v. ROBERT GORDON SHEPARD, Respondent.

Julius Blank for Appellant.

Levy, Bernard & Jaffe for Respondent.

FOX, J.—Marital difficulties causing a separation having arisen between the parties, they entered into a property settlement and custody agreement in December, 1949, by which plaintiff accepted all "community property in lieu of alimony or support." In a separate paragraph the husband agreed to pay $100 per month to the wife "for the support and maintenance" of their minor child until "the child reaches the age of 21, is self-employed or is married," such payments to be made "directly to the wife at her home." Thereafter plaintiff was granted an interlocutory decree of divorce which approved the property settlement agreement and specifically awarded her the several items of property enumerated in the agreement. The decree then states: "The court takes cognizance that due to the disposition of the community property made by this order, and heretofore agreed to by and between the parties, no alimony nor support of any kind is due the plaintiff."

The custody of the minor child was awarded plaintiff and, in a separate numbered paragraph, defendant was ordered to pay the plaintiff $100 per month "for the support of the minor child" until she "attains her majority, marries or is self-employed," said payments "to be made to John M. Zuck, Court Trustee." The final decree did not change the interlocutory.

In February, 1952, upon application of defendant, the court reduced the payments to $75 per month. Plaintiff appeals from this order on the ground that the court lacked jurisdiction to modify the decree for child support. She contends that the provision for the support of the minor child is a part of the adjustment of their property rights and that since their agreement was approved by the court and its provisions incorporated in the interlocutory decree the court did not have jurisdiction to reduce the payments. Plaintiff, however, does not correctly analyze either the agreement with her husband or the interlocutory decree.

By the terms of the agreement plaintiff received all the community property, and specifically agreed that she accepted all of such property "in lieu of alimony or support." That undoubtedly constituted a settlement of their property rights. The provisions for the custody and

support of the child are in separate paragraphs. The payments are stated to be ''for the support and maintenance'' of the child. They are to continue until she is either of age, married or employed. Upon the occurrence of any of these events the payments cease. They are therefore obviously for the benefit and use of the child, and not a part of the adjustment of the property rights of the parents. The adjustment of the property rights of the parties and the agreement to pay $100 per month for the support of the minor child are separate and severable provisions of the contract. The terms of the interlocutory decree lend support to this conclusion in two particulars: First, it recognizes that by accepting all the community property ''no alimony nor support of any kind is due the plaintiff.'' The $100 per month is not enmeshed in any decree with the provisions relative to the property settlement of the parties. It is treated entirely separately. The second significant provision in the decree is that the payments for the support of the child are ordered to be made to the court trustee rather than directly to the plaintiff as specified in the agreement.

█ It is a matter of common knowledge that in domestic relations cases the court trustee is frequently used to collect and transmit support money, but seldom, if ever, required to handle funds growing out of a settlement of property rights in such cases.

█ In reducing the amount of the payments the trial court impliedly found that the agreement and order for the support of the minor child were not a part of the adjustment of the property rights of the parties. Such an interpretation is reasonable and consistent with the apparent intent of the parties to the agreement. In such circumstances an appellate court ought not to substitute another interpretation even though it might seem equally tenable. (*Alexander* v. *Alexander,* 88 Cal.App.2d 724, 727 [199 P.2d 348] ; *Riccomini* v. *Riccomini,* 77 Cal.App.2d 850, 853 [176 P.2d 750] ; *LaJolla Casa de Manana* v. *Hopkins,* 98 Cal.App.2d 339, 348 [219 P.2d 871].)

█ Since the provision for the support of the child was separate and severable from the settlement of the property rights of the parties, the court had jurisdiction to reduce the amount of the monthly payments. (Civ. Code, § 138; *Streeter* v. *Streeter,* 67 Cal.App.2d 138 [153 P.2d 441] ; *Henzgen* v. *Henzgen,* 62 Cal.App.2d 214 [144 P.2d 428].)

Plaintiff relies on *Puckett* v. *Puckett,* 21 Cal.2d 833 [136

P.2d 1]. That case, however, is not here applicable. The decisive distinction between the Puckett case and this one lies in the fact that in the former the trial court impliedly found that the monthly payments to the wife were an inseparable part of the property settlement, while here the contrary is true. In the Puckett case the wife agreed that out of the monthly payments she would support, educate and maintain the minor child. There was no direct agreement by the husbany to pay any specific amount for the support of the child. (See *Streeter* v. *Streeter, supra,* p. 143.) The payments ceased not upon the child's reaching a specified age or particular status but upon the remarriage of the wife. Here there was a separate and express agreement to pay a specific amount for the support and maintenance of the minor child until she became of age or achieved a designated status. It is thus plain that the principle of the Puckett case cannot be the foundation for the decision in this case.

The order reducing the payments for the support of the minor child to $75 a month is affirmed. The attempted appeals from all other orders, since they are nonappealable, are dismissed.

Moore, P. J., concurred.

McCOMB, J.—I dissent. See *Puckett* v. *Puckett,* 21 Cal. 2d 833, 843 [5] [136 P.2d 1].