[Civ. No. 8983.   Third Dist.   May 22, 1957.]

JANE SCARLETT, Appellant, v. LLOYD C. SCAR-
LETT, JR., Respondent.

Lambert & Lemmon for Appellant.

Taft, Wright & Hopkins for Respondent.

PEEK, J.—Plaintiff appeals from an order modifying an award from $75 to $40 per month for the support of each of the two minor children of the parties, and from the further order providing that the accrued delinquent payments be paid at the rate of $10 per month. It is plaintiff's contention that the court erred in both instances.

The record shows that prior to the entry of an interlocutory decree of divorce which awarded to plaintiff the custody of the children, a property settlement agreement had been entered into between the parties. The court made no order respecting this agreement so far as property was concerned; but the

interlocutory decree specifically "confirmed and approved" the provisions of the agreement relative to the amount to be paid plaintiff for the support and maintenance of their children "until his or her majority, unless sooner, deceased." This same language was contained in the provisions of the property settlement agreement on that subject. Subsequently defendant petitioned the court for a reduction in the amount payable to plaintiff for the children's support upon the ground that he was financially unable to make the monthly payments as provided or to pay the accrued delinquent payments; that his circumstances had changed substantially; and that the requested reduction would not jeopardize the welfare of the children. Following the hearing on his petition the court reduced the payments from $75 to $40 per month for each of the children and further ordered that defendant pay the arrearages at the rate of $10 per month.

The factual situation so presented as it relates to the first contention made by plaintiff is quite similar to that which was before the court in *Shepard* v. *Shepard,* 116 Cal.App.2d 594 [254 P.2d 120] ; that is in each case a property settlement agreement had been entered into whereby the wife accepted the property coming to her in lieu of alimony or support. Likewise in each agreement the provisions for child support were separately stated and were to continue until the happening of certain expressed contingencies. Such provisions, the court said in the Shepard case, were "obviously for the benefit and use of the child, and not a part of the adjustment of the property rights of the parents." (P. 596.) In both cases the adjustment of the property rights of the parents and the provisions for payment of monthly sums for the support of the children were separate and severable provisions of the contracts. Here, as in the Shepard case, we must conclude that the trial court in reducing the amount of the monthly payments impliedly found that the agreement and order for the support of the children were not parts of the adjustment of the property rights of the parents. ■ It necessarily follows that since the provisions as to property rights and child support were severable, it was within the power of the court to reduce the monthly payments as it did. (Civ. Code, § 138.)

Although we have concluded that a reduction in the monthly payments for the support of the children was within the power of the court, there remains for determination the further question of whether or not such order was an abuse of discretion. ■ It is the rule that in a proceeding to modify a decree in this respect, it is in the first instance a matter resting in the sound

discretion of the trial court, and a reviewing court will not interfere unless, as a matter of law, it can be said that there was an abuse of discretion. (*Primm* v. *Primm*, 46 Cal.2d 690, 694 [299 P.2d 231].) From our examination of the record before us, particularly in regard to the welfare of the children and the financial status of the parties, we cannot say that the evidence was insufficient as a matter of law to justify the modification order.

Turning to plaintiff's final contention, it is well established that while under proper circumstances the court has the power to modify a decree as to payments to be made prospectively, it cannot give its order of modification a retroactive effect so as to modify the amount which has theretofore accrued. (*Keck* v. *Keck,* 219 Cal. 316 [26 P.2d 300] ; *Steele* v. *Steele,* 108 Cal.App.2d 595 [239 P.2d 63].)

That portion of the order reducing the monthly payments from $75 to $40 for each child is affirmed. That portion of the order allowing defendant to pay off the accrued delinquent payments at the rate of $10 per month is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied June 10, 1957.