[Civ. No. 24733. Second Dist., Div. Two. Oct. 21, 1960.]

CHARLOTTE WANDA EVANS, Appellant, v. CHARLES MAX EVANS, Respondent.

Lewis Garrett and Lionel Richman for Appellant.

No appearance for Respondent.

HERNDON, J.—Plaintiff, Charlotte Evans, appeals from an order by which defendant's obligation to make payments for the support of two minor children of the parties was suspended so long as plaintiff and the children reside outside the county of Los Angeles.

By the terms of the original interlocutory decree, entered on May 19, 1958, plaintiff was granted custody of the children subject to the defendant's right of visitation under specified conditions. The defendant's visitation rights were conditioned upon his complying with the court's order relative to changing his residence and obtaining psychiatric treatment.[1] The defendant was ordered to pay $50 per month for the support of each minor child.

On or about March 1, 1959, plaintiff moved to Salt Lake City, Utah, taking the children with her. Thereafter, on May 23, 1959, plaintiff was married to James Kent Taylor, a resident of that city. The defendant ceased making the child support payments when plaintiff left California.

On May 4, 1959, defendant sought and obtained two orders to show cause. In one of the proceedings he sought to have plaintiff found guilty of contempt of court by reason of her removal of the children from the state. By the other proceeding, defendant sought a modification of the decree awarding the custody of the children to him under certain conditions. Defendant also sought an order restraining both parties from removing the children from the county of Los Angeles. Defendant's affidavit in support of the order to show cause *in re*

---

[1]The defendant is an admitted homosexual and at the time of divorce was living with another man. The trial court's order required that defendant "immediately quit his present residence and take up residence in the home of his parents," obtain psychiatric treatment and continue with such "care until further order of the Court." The order also required that the paternal grandmother accompany the children "at all times" during defendant's custody of them.

modification alleged, in substance, that plaintiff had left the State of California and was living with a man to whom she was not married. At the hearing on these proceedings, both defendant and his mother testified. On May 26, 1959, the court denied defendant's application for modification of the decree and dismissed the order to show cause *in re* contempt.

Five months later, on October 21, 1959, defendant sued out another order to show cause *in re* modification. The supporting affidavit contained substantially the same allegations as those made in the prior proceeding. The matter was submitted upon affidavits, after which the order herein appealed from was made. It provides, in part, as follows: "The order to show cause *in re* modification of custody is denied. The child support payments previously ordered are suspended as of the date the plaintiff removed to Salt Lake City and for such period of time as the plaintiff remains outside the County of Los Angeles making it impossible for the defendant to exercise his visitation rights."

The plaintiff has predicated her appeal upon the grounds that (1) the court erred in not considering the best interests of the children in suspending the child support payments; (2) the court erred in suspending the child support payments retroactively; and (3) the issues decided had been previously determined in defendant's order to show cause of May 4, 1959, and were thus res judicata.

The defendant-respondent has filed no brief on this appeal. As a result, the cause has been submitted on plaintiff's opening brief pursuant to rule 17(b) of the Rules on Appeal. "Under the provisions of that rule we are entitled to accept as true the statement of facts in the opening brief. We are under no duty to seek out points of law in support of the judgment. . . ." (*Postin* v. *Griggs*, 66 Cal.App.2d 147, 148 [151 P.2d 887] ; *Brunscher* v. *Reagh*, 164 Cal.App.2d 174, 175 [330 P.2d 396].) However, this does not mean that reversal is automatic, since the burden remains on the appellant to show error. The court must examine the points raised by the appellant to see if a reversal is merited. (*Perfection Paint Products* v. *Johnson*, 164 Cal.App.2d 739, 740 [330 P.2d 829] ; see generally 4 Cal.Jur.2d, Appeal and Error, § 496.)

In the first place, we conclude that the court below erred in suspending the child support payments retroactively. The order here appealed from was made on February 25, 1960, and purported to relieve defendant of the obligation to make the child support payments which had accrued after plaintiff's

570

removal of the children to Salt Lake City in March of 1959. This retroactive modification is contrary to the express provision of section 139 of the Civil Code[2] and to long-established decisional law of this state. (*Keck* v. *Keck,* 219 Cal. 316, 320 [26 P.2d 300]; *Ducharme* v. *Ducharme,* 152 Cal.App.2d 189, 194 [313 P.2d 33]; Anno.: 94 A.L.R. 332.)

It appears from the facts as set forth in appellant's brief that defendant made no showing whatsoever that any change of circumstances had occurred following the denial on May 26, 1959, of his previous application for modification. In support of his former application, defendant alleged that plaintiff had removed the children to Utah, and that she was living in that state with a man to whom she was not married. In support of his application for the modification which is involved in the present proceeding, appellant made substantially the same allegations.

It has been held in numerous cases that the trial court has authority under section 139 of the Civil Code to modify support payments only upon a showing that there has been a change of circumstances subsequent to the entry of the decree or order allowing same. (*Snyder* v. *Snyder,* 219 Cal. 80 [25 P.2d 403]; *Bratnober* v. *Bratnober,* 48 Cal.2d 259, 261 [309 P.2d 441]; *Ralphs* v. *Ralphs,* 86 Cal.App.2d 324, 325 [194 P.2d 592].)

The trial court has discretionary power to modify its orders relating to support payments and a modification will not be disturbed on appeal unless there has been an abuse of that discretion. (*Primm* v. *Primm,* 46 Cal.2d 690, 694 [299 P.2d 231]; *Scarlett* v. *Scarlett,* 151 Cal.App.2d 237, 238-239 [311 P.2d 188].) But this discretionary power does not arise unless a "change of circumstances" has occurred. It is clear that any subsequent modification of a decree as to support payments supersedes the original decree (Civ. Code, § 139) and that the conditions existing at the time of such modification become the "circumstances" out of which the decree issues. It thus follows that any *further* modification of such an award must be predicated upon a "change of circumstances" from those which existed *at the time of the modification.* The same rule must apply with equal force where a modification is denied and the circumstances existing

---

[2]Section 139 provides, *inter alia*: "That portion of the decree . . . making . . . [child support] allowances . . . may be modified or revoked at any time at the discretion of the court *except as to any amount that may have accrued prior to the order of modification or revocation.*" (Emphasis added.)

at the time of denial of a modification become those which control the decree itself. Thus it is concluded that the court has no authority to utilize its discretionary power thereafter to modify the decree *unless* the moving party can show that the circumstances changed after the denial of the modification. (*Snyder* v. *Snyder, supra,* at 81; *Bratnober* v. *Bratnober, supra,* at 261.)

Since, in the present proceeding, defendant made no showing of any change in circumstances after May 26, 1959, the date of the order denying his former application for a modification, there was no sufficient basis for the order here under review.

Furthermore, the order of May 26, 1959, dismissing the contempt proceeding against plaintiff was by necessary implication a determination that plaintiff was guilty of no misconduct in removing the children from California to Utah. It has been held that a parent who is entitled to custody of children is not guilty of contempt, or other wrongful conduct, in removing the children from the state and establishing a new home elsewhere in circumstances where there is no specific prohibition in the custody order and where frustration of the other parent's visitation rights was not the specific intent of the removal. (*Beabout* v. *Beam,* 119 Cal.App.2d 768, 772 [260 P.2d 145]; *In re Dowell,* 4 Cal.App.2d 688, 689 [41 P.2d 596]; *Dozier* v. *Dozier,* 167 Cal.App.2d 714, 719 [334 P.2d 957]; cf. *Rosin* v. *Superior Court,* 181 Cal.App.2d 486, 497 [5 Cal.Rptr. 421].) The decree in the instant case contains no prohibition against removal of the children from the state; moreover, the trial court denied defendant's application for such an order. So far as the present record indicates, defendant has not, at any time, asserted or contended that plaintiff's purpose in removing the children from the state was to frustrate his rights of visitation.

Plaintiff further contends that the court's order suspending the children's support payments predicated solely upon plaintiff's residence outside Los Angeles County is a clear abuse of discretion. We conclude that plaintiff is correct in this contention. The remarriage of the plaintiff had no effect upon the continuing duty of the father to provide for the support and maintenance of his issue. (*Avila* v. *Leonardo,* 53 Cal.App.2d 602, 609 [128 P.2d 43]; Civ. Code, § 139.) The order of support was made for the benefit of the children and though the mother brings the action, she "has no right

to support; it is the children's right which she is presenting."
(*Allen* v. *Allen*, 138 Cal.App.2d 706, 708 [292 P.2d 581].)

 In any proceedings involving custody and support it is axiomatic that the "court should always adopt the course that is for the best interests of the child." (*Newell* v. *Newell*, 146 Cal.App.2d 166, 179 [303 P.2d 839].)

 The final inquiry, then, is whether or not it is an abuse of discretion to deprive the children of their support payments because their father has been prevented from exercising his visitation rights by his former wife's remarriage and move to Utah. In *Stanberry* v. *Stanberry*, 81 Cal. App.2d 412 [184 P.2d 16], in a similar situation, the mother moved to Texas with the children. She had not remarried but instead had moved for health reasons. The court, at page 416, said: "The controversy was not solely between plaintiff and defendant; the children were interested parties but their interest seemed to have been overlooked. . . . The right of defendant to visit his children was subordinate to the welfare of the children and the court should have considered all evidence tending to show *a reasonable necessity for their removal to Texas.*" (Emphasis supplied.)

In the case at bar there was ample reason for the removal of the children from California by the plaintiff. She was endeavoring to establish a normal home for them. This required that she take them to the place of her husband's home and employment. This was not a contrivance to put the children beyond the defendant's reach, but rather a bona fide attempt to raise them in a normal family environment.

This case is clearly distinguished from *White* v. *White*, 71 Cal.App.2d 390 [163 P.2d 89], where the father's support obligation was likewise suspended. In that case, the decree awarding custody to the mother expressly ordered that the child not be removed from the state. Thereafter, the mother obtained a modification of the order upon certain conditions. The mother removed the child to Pennsylvania without fulfilling these modified conditions and was found to be "guilty of contempt of court." The present plaintiff is under no such disability. Additionally, the appellant in the White case, *supra,* did not indicate any need for the monthly support payments. In the instant case we must, under rule 17(b), Rules on Appeal, *supra,* accept as true plaintiff's contention that she was forced to leave the children to nurseries and neighbors while she worked to offset the loss of child support payments. It is clear that the welfare of the children is

paramount to the defendant's right to visit them at his convenience. The court's order suspending defendant's duty to pay his child support obligation is a clear abuse of discretion. The order is reversed.

Fox, P. J., and Ashburn, J., concurred.