[Civ. No. 24969.   Second Dist., Div. Two.   Jan. 31, 1961.]

BELEN FUENTES, Appellant, v. ARTHUR FUENTES, Respondent.

*Assigned by Chairman of Judicial Council.

Barry Sullivan for Appellant.

No appearance for Respondent.

McMURRAY, J. pro tem.*—This is an appeal by plaintiff wife from an order modifying and reducing child support payments from $75 to $55 per month for each of the two minor children of the parties, and from a further order providing that payment of accrued delinquent child support payments in the sum of $305 be paid at the rate of $15 per month.

Respondent husband having filed no brief in this appeal the procedure set forth in rule 17(b), Rules on Appeal, will be followed. " 'Under the provisions of that rule we are entitled to accept as true the statement of facts in the opening brief. We are under no duty to seek out points of law in support of the judgment. . . .' (*Postin* v. *Griggs,* 66 Cal.App. 2d 147, 148 [151 P.2d 887] ; *Brunscher* v. *Reagh,* 164 Cal.App. 2d 174, 175 [330 P.2d 396].) However, this does not mean that reversal is automatic, since the burden remains on the appellant to show error. The court must examine the points

---

*Assigned by Chairman of Judicial Council.

raised by the appellant to see if a reversal is merited. (*Perfection Paint Products* v. *Johnson,* 164 Cal.App.2d 739, 740 [330 P.2d 829]; see generally 4 Cal.Jur.2d, Appeal and Error, § 496.)'' (*Evans* v. *Evans,* 185 Cal.App.2d 566, 569 [8 Cal. Rptr. 412].)

The parties to this action entered into a property settlement agreement before the entry of an interlocutory decree of divorce in which custody of the children was awarded to appellant. That agreement provided in Paragraph VII that the respondent ''[h]usband shall pay to wife for the support and maintenance of the two children . . . the sum of Seventy-five Dollars ($75.00) per month for each child . . .'' and the agreement provided in Paragraph VIII for the appellant's support and maintenance. The interlocutory decree provided in Paragraph II ''[t]hat the property settlement agreement of the parties . . . is approved and made a part hereof''; and that decree in Paragraph IV repeated the provisions for child support of the property settlement agreement as above set forth, adding thereto ''. . . until further order of this Court.''

Appellant urges that the order reducing the child support payments is an impairment of the obligation of a contract in contravention of the state and federal Constitutions and that the order allowing $15 per month payments on the $305 arrears of such child support payments is also violative of the same constitutional provisions for the same reason.

The first contention is without merit. This court in *Shepard* v. *Shepard,* 116 Cal.App.2d 594 [254 P.2d 120], dealt with a similar agreement, and said at pages 595, 596: ''The provisions for the custody and support of the child are in separate paragraphs. The payments are stated to be 'for the support and maintenance' of the child. . . . They are therefore obviously for the benefit and use of the child, and not a part of the adjustment of the property rights of the parents. The adjustment of the property rights of the parties and the agreement to pay $100 per month for the support of the minor child are separate and severable provisions of the contract.''

The language in *Scarlett* v. *Scarlett,* 151 Cal.App.2d 237, 238 [311 P.2d 188] is here apposite: ''It necessarily follows that since the provisions as to property rights and child support were severable, it was within the power of the court to reduce the monthly payments as it did.'' In the instant case the interlocutory decree also set forth the child support provision as a separate paragraph after having expressly incorporated the ''property settlement agreement of the parties'' in a

previous paragraph. This fact further supports the reasoning of *Shepard* v. *Shepard, supra,* and *Scarlett* v. *Scarlett, supra.*

The trial court here properly regarded the child support payments as severable and was justified in modifying them as it did since there is no showing of an abuse of judicial discretion.

The other contention of the appellant is, however, valid. The court below erred in allowing the respondent to pay off the accrued delinquent payments at $15 per month. The court ". . . cannot give its order of modification a retroactive effect so as to modify the amount which has theretofore accrued. (*Keck* v. *Keck,* 219 Cal. 316 [26 P.2d 300] ; *Steele* v. *Steele,* 108 Cal.App.2d 595 [239 P.2d 63].)" (*Scarlett* v. *Scarlett, supra,* at p. 239; *Evans* v. *Evans, supra,* at pp. 566, 569-570.)

That portion of the order reducing the child support payments is affirmed; that portion thereof allowing monthly payments of the accrued delinquent amount of such payments is reversed.

Fox, P. J., and Ashburn, J., concurred.