(No. 47665.—

FIRST CAPITOL MORTGAGE CORPORATION, Appellee, v. TALANDIS CONSTRUCTION CORPORATION, Appellant.

*Opinion filed March 29, 1976.*

Morgan, Lanoff, Cook & Madigan, of Chicago (John A. Cook, of counsel), for appellant.

John Bernard Cashion, of Chicago, and Paul F. Davidson, of Kankakee, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is a suit for declaratory judgment and damages filed by the plaintiff, First Capitol Mortgage Corporation, against the defendant, Talandis Construction Corporation, in the circuit court of Cook County. The plaintiff contends that it was employed by the defendant to negotiate and procure a loan for the construction of a multiple unit apartment complex. The complaint sought a declaration of the rights of the parties under the agreement and prayed for judgment against the defendant in the amount of $19,403. Following a bench trial, the court

entered a judgment in favor of the plaintiff and against the defendant in the amount prayed. Subsequently, pursuant to motion made by the defendant, the court vacated its previous judgment in favor of the plaintiff and entered judgment in favor of the defendant. Plaintiff appealed to the appellate court. The defendant-appellee failed to file a brief, and the appellate court reversed *pro forma* specifically stating that the order of reversal did not entail a decision on the merits. The cause was remanded to the circuit court of Cook County with directions to reinstate the prior judgment in favor of the plaintiff. 28 Ill. App. 3d 684.

The defendant contends that the appellate court erred in entering a *pro forma* reversal of a judgment of the circuit court. We agree.

There is no authority contained in the rules of this court for the imposition of such a sanction for the failure of the appellee to file a brief in a court of review. Rule 352 (58 Ill.2d R. 352) contains the only provision in our rules for sanctions relating to the failure to file briefs. Rule 352 concerns oral arguments, and in paragraph (a) states: "*** No party may argue unless he has filed his brief as required by the rules ***." This provision, of course, applies to both appellants and appellees. Former Rule 41(2) (7 Ill.2d R. 41(2)) concerned the filing of briefs and abstracts by appellants and stated: "If *** either the abstract or brief is not filed within the time prescribed, the appeal *** will, on the call of the docket, be dismissed." The rules contained no provision for a similar penalty to be imposed upon the appellee for failure to file its brief within the time prescribed. The committee comments to our present Rule 343 note that the provision of former Rule 41(2) discussed above has been omitted from the present rule as being both too strict and unnecessary, stating that the court has the inherent power to dismiss an appeal for any breach of its rules and if the appellant's brief is inexcusably not filed in time the court can dismiss the

appeal without any specific authority in the rule to do so. 58 Ill.2d R. 343.

The dismissal of an appeal for failure of the appellant to file its brief produces a different result from that of reversing the judgment of the trial court *pro forma* because of the appellee's failure to file its brief. The effect of the former is an affirmance of the judgment of the trial court rendered following a judicial proceeding in which a judge has concluded that based upon the law and the facts such a judgment should be entered. The effect of the latter, however, is a reversal of such a judgment without any consideration having been given to either the law or the facts. Thus, we conclude it is permissible for a reviewing court in the exercise of its inherent authority to dismiss an appeal for the appellant's failure to file its brief within the time prescribed by rules of this court as suggested by the committee comment to our Rule 343. However, the judgment of a trial court should not be reversed *pro forma* for the appellee's failure to file its brief as required by rule. A considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal.

The appellate courts of this State have not followed a uniform practice in the disposition of appeals in cases where the appellees have not filed their briefs. In some cases the courts have considered the merits of the appeal, while in others the courts have reversed *pro forma*. For an analysis of many of these previous decisions and the reasons given for the methods of disposition, see *Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill. App. 2d 264.

California has dealt with this question by rule. Rule 17(b) of Rules of Appeal (50 Cal. 2d 19) provides: "If the [appellee's] brief is not filed within the time prescribed *** the court may accept as true the statement of facts in the appellant's opening brief and *** may submit the case for decision on the record and on appellant's opening brief." In *Evans v. Evans* (1960), 185 Cal. App. 2d 566,

569, 8 Cal. Rptr. 412, 414-15, the court stated that under the provisions of Rule 17(b) it is entitled to accept as true the statement of facts in the opening brief and is under no duty to seek out points of law in support of the judgment. The court stated, however, that reversal is not automatic, since the burden remains on the appellant to show error. Therefore, the court must examine the points raised by the appellant to see if reversal is merited. See also *Fuentes v. Fuentes* (1961), 188 Cal. App. 2d 715, 10 Cal. Rptr. 732; *Baldwin v. Baldwin* (1944), 67 Cal. App. 2d 175, 153 P.2d 567.

Indiana by court decision has adopted a practice similar to that followed in California. In *Reed v. Brown* (1939), 215 Ind. 417, 19 N.E.2d 1015, the court held that the failure of the appellee to file a brief required the court to reverse if the appellant's brief made a *prima facie* showing of reversible error. In *Harrington v. Hartman* (1967), 142 Ind. App. 87, 233 N.E.2d 189, the appellate court of Indiana elaborated on this rule, which it referred to as "well established," and stated that the rule is not for the benefit of the appellant, but for the protection of the court and its invocation is discretionary.

In *Harrington* the court further stated:

"Prima facie means, 'at first sight, on the first appearance, on the face of it, so far as can be judged from the first disclosure; presumably; a fact presumed to be true unless disproved by some evidence to the contrary.' [Citation.]

However, a reversal is not required, and if a prima facie showing of error is not made, the judgment will not be reversed. [Citations.]" 142 Ind. App. 87, 88-89, 233 N.E.2d 189, 191.

See also *Ellet v. Ellet* (1965), 137 Ind. App. 96, 205 N.E.2d 555; *Indiana Alcoholic Beverage Com. v. W-W Associates, Inc.* (1972), 152 Ind. App. 622, 284 N.E.2d 534; *Environmental Control Systems, Inc. v. Allison* (1974), ——— Ind. App. ———, 314 N.E.2d 820.

Rule 41 of the State of Washington's Court of Appeals Rules on Appeal provides:

> "If the respondent [appellee] files no brief, the cause will be deemed submitted upon its merits as to him."

In *Aquarian Foundation v. KTVW, Inc.* (1974), 11 Wash. App. 476, 479, 523 P.2d 969, 971, the court in interpreting Rule 41 applied the *prima facie* test and stated:

> "In this case, the Foundation's brief supports its challenge to the sufficiency of the evidence to support the findings with extensive citation to the record. It also cites case authority on principles of contract which it contends should govern the construction of the contract in question. This argument presents a prima facie case for error. Under these circumstances, we believe that reversal is required. [Citations.] "

We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so. Also, it seems that if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed.

For the reasons set forth herein the judgment of the Appellate Court for the First District is reversed and this case is remanded to that court for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*