DEVON OVERSTREET, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 86—2642

Opinion filed March 9, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Diane M. Curry, Assistant Attorney General, of Chicago, of counsel), for appellant Illinois Department of Employment Security.

Edward J. Egan, Ltd., of Chicago, for appellant Chicago Transit Authority.

No brief filed for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

The Board of Review for the Illinois Department of Employment Security (Board) and the Chicago Transit Authority (employer) appeal an order of the circuit court of Cook County which reversed the Board's decision that plaintiff, Devon Overstreet, was ineligible to receive unemployment compensation benefits.[1]

The record reveals that plaintiff worked as a bus driver for the employer for 6½ years. She took sick leave from January 30 to March 15, 1985. Because she had been on sick leave for more than seven days, plaintiff submitted to a medical examination as required by her employer's policy. The examination included blood and urine tests which, when analyzed, indicated the presence of cocaine. Upon receipt of this information, the employer removed plaintiff from service and required her to undergo a second test. The result of the second test also indicated the presence of cocaine. On March 20, 1985, plaintiff was suspended from her job and placed in the Employee's Assistance Program (EAP) for not less than 30 days, with a chance for reassignment to a nonoperating job if she successfully completed the program. The EAP is an alternative to discharge and is available at the election

---

[1]Although plaintiff has not filed a brief in this matter, we will consider the merits of the case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

of the employee in accordance with an agreement between the employer and the plaintiff's union.

Plaintiff thereafter filed for unemployment compensation benefits, indicating that she was on a medical suspension because she did not pass a company physical. The employer contested the plaintiff's claim for benefits, contending that she had been discharged for misconduct because she had been working while under the influence of a controlled substance in violation of a company policy. The claims adjudicator determined that plaintiff was ineligible for unemployment benefits. Plaintiff appealed and an administrative hearing was conducted by a hearing referee.

At the hearing, the referee stated that pursuant to an agency regulation, a suspension of seven days or longer is adjudicated as though it were a discharge. Plaintiff admitted that she had used narcotics and did not dispute the accuracy of the test results. She argued, however, that she should be eligible for benefits because she did not use narcotics while on the job and because she had successfully participated in the EAP, refraining from the use of narcotics since she began the program. The hearing referee affirmed the determination of the claims adjudicator concluding that plaintiff had been discharged for misconduct because she had tested positively for narcotics use after she had returned to work.

After plaintiff filed a notice of appeal, the Board affirmed the referee's decision. Plaintiff thereafter brought an action for administrative review of the Board's decision. (See Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) The circuit court reversed the Board's decision, holding that plaintiff had been suspended but had not been discharged from her position. On appeal, the Board and the employer contend that the circuit court erred in finding that plaintiff was eligible for unemployment benefits because she had not been discharged. We must agree.

■ The agency's policy is that a suspension from work for a period of seven or more consecutive days, or of indefinite duration, is to be adjudicated as a discharge. (*Mattson v. Department of Labor* (1983), 118 Ill. App. 3d 724, 455 N.E.2d 278.) It has been held that this is a reasonable interpretation of the language of section 602(A) of the Unemployment Insurance Act (Ill. Rev. Stat. 1985, ch. 48, par. 602(A)), which disqualifies those discharged for misconduct. (*Mattson v. Department of Labor* (1983), 118 Ill. App. 3d 724, 455 N.E.2d 278; Ill. Rev. Stat. 1985, ch. 48, par. 432(A).) The findings and conclusions of an administrative agency on questions of fact are considered to be *prima facie* true and correct. *Flex v. Department of Labor* (1984), 125

Ill. App. 3d 1021, 466 N.E.2d 1050.

In the instant case, the referee and the Board correctly found that plaintiff had been suspended from her job for not less than 30 days because she had used narcotics prior to reporting for work, in violation of a company policy. Thus, plaintiff's claim for benefits was to be adjudicated as if she had been discharged. *Mattson v. Department of Labor* (1983), 118 Ill. App. 3d 724, 455 N.E.2d 278.

▪ Additionally, we find that plaintiff's conduct disqualified her for benefits under section 602(A) of the Unemployment Insurance Act, which provides as follows:

> "An individual shall be ineligible for benefits for the week in which he has been discharged for misconduct connected with his work and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks which are either for services in employment, or have been or will be reported pursuant to the provisions of the Federal Insurance Contributions Act by each employing unit for which such services are performed and which submits a statement certifying to that fact." Ill. Rev. Stat. 1985, ch. 48, par. 432(A).

Misconduct has been defined as conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer had the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer. (*Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 475 N.E.2d 879; *Boynton Cab Co. ·v. Neubeck* (1941), 237 Wis. 249, 296 N.W. 636.) We believe that plaintiff's use of cocaine prior to reporting for work constituted a deliberate violation of her employer's policy and indicated a disregard of the standards of behavior which the employer had the right to expect.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

WHITE, P.J., and McNAMARA, J., concur.