THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD NED ACEBO, Defendant-Appellee.

Third District   No. 3—88—0544

Opinion filed April 20, 1989.

John R. Clerkin, State's Attorney, of Macomb (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Richard Ned Acebo, was charged with driving under the influence of alcohol. (Ill. Rev. Stat. 1987, ch. 95½, par. 11–501(a)(2).) The defendant filed a motion to suppress his confession on the grounds that he was not advised of his *Miranda* rights prior to questioning. The trial court granted the defendant's motion. The State appeals. We reverse.

The defendant has not submitted an appellee's brief. We may nonetheless decide the merits of this appeal, for where the record is simple and the court of review can easily decide the disputed errors without an appellee's brief, it may do so. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

At the hearing on the defendant's motion to suppress, Deputy G.W. Carle of the McDonough County sheriff's office testified as follows. On April 2, 1988, shortly after 11 p.m., Deputy Carle reported to the scene of an auto accident, where he found a pickup truck on the side of the road. A bystander told him that the occupants of the truck might have gone to a nearby cafe to use the telephone. Deputy Carle proceeded to the cafe but found that it was closed. The owner of an adjacent tavern told him that there were two people behind the cafe.

Deputy Carle then went behind the cafe, where he saw someone crouched behind a garbage can. The deputy drew his firearm to protect himself, because it was dark and because the cafe had been burglarized several times before. After ordering the individual to come out from behind the garbage can, Deputy Carle saw another person come from between a storage shed and the cafe and begin walking

away from him. Deputy Carle told the person to stop. Only after a second request did the individual obey. Carle ordered both individuals to place their hands on the building. He then began frisking them. At that point, the deputy asked each suspect for his name and asked which of them was the driver of the truck involved in the accident. The defendant admitted that he was the driver. Deputy Carle detected the odor of alcohol on the defendant's breath and asked the defendant to submit to a field sobriety test. The defendant's poor performance of the test resulted in his arrest for driving under the influence of alcohol. The defendant was transported to the sheriff's office and was at that time given the *Miranda* warnings.

The defendant filed a motion to suppress his confession, alleging that once Deputy Carle ordered him to place his hands on the wall and frisked him, it was improper to question him without first giving him the requisite *Miranda* warnings. The trial court found that for fourth amendment purposes the defendant was seized when the deputy frisked him. Accordingly, the court ruled that the defendant was subjected to a custodial interrogation without being properly advised of his constitutional rights. The court therefore concluded that the defendant's statements were involuntary and should be suppressed.

The State argues on appeal that Deputy Carle's detention and initial questioning of the defendant at the cafe were investigatory and therefore *Miranda* warnings were not required.

■■ An officer may stop a person for a limited investigation if he has specific articulable facts and inferences that would lead to a reasonable suspicion of criminal activity. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) *Miranda* warnings are not required when the police conduct general on-the-scene questioning as to facts surrounding a crime. (*People v. Parks* (1971), 48 Ill. 2d 232, 269 N.E.2d 484.) Moreover, when a police officer is confronted with suspicious circumstances which might be resolved with a satisfactory explanation from the person questioned, he is permitted to make inquiries of an investigative nature without first giving the *Miranda* warnings. (*People v. Tolefree* (1972), 9 Ill. App. 3d 475, 292 N.E.2d 452.) The standard of review of a trial judge's decision regarding the suppression of evidence is whether the finding of the trial judge was manifestly erroneous. *People v. Williams* (1974), 57 Ill. 2d 239, 311 N.E.2d 681.

■■ In the instant case, the trial court had previously denied the defendant's petition to rescind his statutory summary suspension. In so doing, it found in part that Deputy Carle had a reasonable, articulable suspicion which formed the basis for conducting an investigatory

stop and detaining the defendant. We agree with the trial court's finding in that regard. We do not, however, agree that the questioning by Deputy Carle required that the defendant first be given *Miranda* warnings.

Deputy Carle was investigating an auto accident. In the course of that investigation, he went to a cafe where the occupants of one of the vehicles involved in the accident were said to have gone. When he went behind the cafe, he saw one man hiding behind a garbage can and another man between a shed and the cafe. After ordering both individuals to come out from behind the cafe, he frisked them. Even though Deputy Carle had his gun drawn at the time, we find that he was justified in taking this precaution given the suspicious actions of the individuals and given that the cafe had been burglarized before. These procedures by Deputy Carle were justified under the circumstances of the original investigatory stop of the defendant. (See *People v. Paskins* (1987), 154 Ill. App. 3d 417, 506 N.E.2d 1037.) Deputy Carle then asked each person to identify himself and asked which one was the driver of the truck involved in the accident. These questions did not require that the defendant be given *Miranda* warnings, because they were merely preliminary questions regarding the accident. Accordingly, we find that the trial court's granting of the defendant's motion to suppress his confession was manifestly erroneous because the initial questioning by Deputy Carle was investigatory and therefore did not require *Miranda* warnings.

The judgment of the circuit court of McDonough County granting the defendant's motion to suppress his confession is reversed.

Reversed.

HEIPLE and STOUDER, JJ., concur.