Nos. 2--01--0371, 2--01--0372, 2--01--0373, 2--01--0374 cons.
_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 SECOND DISTRICT
__________________________________________________________________

In re Keri B., a Minor ) Appeal from the Circuit Court
 ) of Du Page County.
 )
 ) Nos. 00--JD--0458
 ) 00--JD--0483
 ) 00--JD--0661
 ) 00--JD--0809
 )
 )
(The County of Will, ) Honorable
Petitioner-Appellant, v. Keri ) Peter J. Dockery,
B., Respondent-Appellee). ) Judge, Presiding.
_________________________________________________________________

 JUSTICE BOWMAN delivered the opinion of the court:
 In this consolidated appeal, the County of Will (Will County) appeals
from an order entered by the circuit court of Du Page County requiring Will
County to pay one-quarter of the residential placement costs for minor Keri
B. The sole issue before us is whether, under the Juvenile Court Act of
1987 (Act) (705 ILCS 405/1--1 et seq. (West 2000)), the circuit court of Du
Page County has the authority to order Will County, a county outside of its
circuit, to pay a portion of the residential placement costs for a minor
who resides in Will County. We hold that the circuit court does have such
authority.
 The record reveals that four original delinquent petitions were
filed against Keri B. in Du Page County. The first three petitions alleged
that Keri B. committed criminal offenses in Du Page County and also resided
in Du Page County. The fourth
petition alleged that Keri B. committed a criminal offense in Du Page
County and resided in Will County. The court adjudged Keri B. delinquent,
made her a ward of the court, and appointed her probation officer as her
guardian.
 At Keri B.'s sentencing hearing, the court sentenced her to three
years' probation under the supervision of the Du Page County probation
department and, pursuant to section 5--740 of the Act (705 ILCS 405/5--740
(West 2000)), ordered her to complete a residential placement program
selected by the Du Page County probation department. The court further
ordered that Will County was responsible for the entire cost of the
residential placement. Will County then appeared before the circuit court
and filed a motion to vacate the court's order, arguing that the court
exceeded its authority in requiring Will County to pay for Keri B.'s
residential placement. Reasoning that Keri B. was a resident of Will
County only at the time the fourth original delinquent petition was filed,
the trial court amended its order to require Will County to pay one-quarter
of the residential placement costs and Du Page County to pay three-quarters
of the costs.
 Will County filed a timely notice of appeal from the trial court's
order. No response brief has been filed. Nonetheless, we choose to
address the merits of the appeal because the record in the case is simple
and the issues are such that we can easily resolve them without the aid of
an appellee's brief. First Capitol Mortgage Corp. v. Talandis Construction
Corp., 63 Ill. 2d 128, 133 (1976).
 The issue before us is one of statutory interpretation. The Act "is
a comprehensive statutory scheme which creates rights and duties that have
no counterparts in common law or equity." In re D.D., 196 Ill. 2d 405, 416
(2001). When, as in this case, a court's authority to act is controlled by
statute, the court is governed by the rules of limited jurisdiction and
must proceed within the stricture of the statute. In re Detention of
Hayes, 321 Ill. App. 3d 178, 192 (2001). We review de novo whether a trial
court's order falls within the authority the legislature has granted.
Hayes, 321 Ill. App. 3d at 192.
 This court's role in construing a statute is to give effect to the
legislature's intent. D.D., 196 Ill. 2d at 418. We must first examine the
statute's language. D.D., 196 Ill. 2d at 419. When the language is plain
and unambiguous, courts may not read in exceptions, limitations, or other
conditions. D.D., 196 Ill. 2d at 419. We may also consider "the reason
and necessity for the law, the evils to be remedied, and the objectives to
be obtained." Cummins v. Country Mutual Insurance Co., 178 Ill. 2d 474,
479 (1997). In addition, we will presume that the legislature did not
intend to create an absurd or unjust result. Cummins, 178 Ill. 2d at 479.

 To determine the legislature's intent regarding the scope of a
court's authority to order the payment of a minor's residential placement
costs, we must examine sections 6--7 and 6--8 of the Act (705 ILCS 405/6--
7, 6--8 (West 2000)). Section 6--7(1) of the Act requires the county board
of each county in the State to set aside annually a reasonable sum for
payments for the care and support of minors. 705 ILCS 405/6--7(1) (West
2000). Section 6--7(2) further provides that "[n]o county may be charged
with the care and support of any minor who is not a resident of the county
unless his parents or guardian are unknown or the minor's place of
residence cannot be determined." 705 ILCS 405/6--7(2) (West 2000).
 A court's authority to order a county to pay for a minor's
residential placement is derived from section 6--8 of the Act (705 ILCS
405/6--8 (West 2000)). Section 6--8(3) provides in relevant part:
 "The court may, when the health or condition of any minor
 subject to the Act requires it, order the minor placed in a public
 hospital, institution or agency for treatment or special care, or in a
 private hospital, institution or agency which will receive him without
 charge to the public authorities. If such treatment or care cannot be
 procured without charge, the court may order the county to pay an
 amount for such treatment from the fund established pursuant to
 Section 6--7." 705 ILCS 405/6--8(3) (West 2000).
 Notably, section 6--8(3), and the rest of section 6--8 as well,
speaks only generally of "the court" and "the county" and does not indicate
that a court may only order counties within its own circuit to pay for a
minor's treatment. Pursuant to section 6--7(2) it is clear that "the
county" referred to in section 6--8(3) must be the county in which the
minor resides, provided that none of the exceptions applies. Nowhere,
though, does the act specify that "the court" and "the county" must be in
the same circuit for section 6--8(3) to apply. Accordingly, we conclude
that the language of section 6--8(3) is plain and unambiguous and does not
limit the circuit court's authority in the manner suggested by Will County.
 Moreover, limiting the circuit court's authority in the manner Will
County suggests would not be consistent with the reason and necessity for
the Act, the evils to be remedied, and the objectives to be obtained. Such
a limitation would in fact frustrate the legislative intent of the Act, and
of sections 6--7 and 6--8 in particular, in cases where a delinquent
petition is filed against a minor in a county that is in a judicial circuit
different from the minor's county of residence and the court determines
that residential placement is required. In such a situation, section 6--
7(2) would bar the court from ordering the county in which the petition is
filed to pay the relevant costs because the minor is not a county resident.
Further, under Will County's interpretation, the court could not order the
county where the minor resides to pay the costs because that county is not
within the same circuit as the court. Consequently, the court would be
powerless to order the proper county to pay the minor's residential
placement costs. Such a result would contravene the legislature's clearly
expressed intent that the county of a minor's residence shall be
responsible for paying the costs associated with the minor's court-ordered
treatment. See 705 ILCS 405/6--7(1), (2). In addition, we note that Will
County does not challenge the circuit court's authority to order Keri B.
into residential placement. It would make little sense to conclude that
the Act provides the court with the authority to order Keri B. into
residential placement but does not provide it with the authority to order
payment for her treatment.
 Will County argues that sections 6--1(1), 6--2, 6--4(2), and 6--5 of
the Act (705 ILCS 405/6--1(1), 6--2, 6--4(2), 6--5 (West 2000)) provide
support for its position. We disagree. Section 6--1 requires the chief
judge for each circuit to provide for probation services for each county in
his or her circuit. Section 6--2 allows two counties in the same judicial
circuit to form a joint probation district. Section 6--4(2) enables a
chief judge of the circuit court to appoint a Director of the Psychiatric
Department for any county or probation district in the circuit. Section 6-
-5 addresses compensation of probation department personnel. These
sections of the Act refer to certain responsibilities or activities that
are particular to each circuit, but they do not demonstrate that the
legislature intended to restrict a circuit court's ability to enter an
order under section 6--8(3) to counties within the court's own circuit.

 Accordingly, for the reasons stated, we affirm the judgment of the
circuit court of Du Page County.
 Affirmed.
 HUTCHINSON, P.J., and GEIGER, J., concur.