*In re* GEORGE FRANKLIN HALL.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* GEORGE FRANKLIN HALL, Respondent-Appellant.)

Fourth District    No. 16371

Opinion filed January 29, 1981.

R. Phillip Reed, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Charles Denham, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Respondent was the subject of a petition for involuntary admission to a mental health facility pursuant to Chapter 3, Article VI of the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1979, ch. 91½, par. 3—600 *et seq.*). A hearing was convened at the McFarland Mental Health Center in Springfield before a judge of the circuit court of Sangamon County. Prior to commencement of the hearing, the respondent made an oral motion to dismiss the involuntary proceeding, and to be admitted as a voluntary patient. After indicating that the matter had been discussed at an informal conference among the court, counsel and one of the doctors in attendance, the court denied the motion, took evidence and ordered the respondent hospitalized involuntarily.

Respondent has appealed from the denial of his motion to be admitted as a voluntary patient. No other questions are raised concerning any other improprieties, or errors in the proceeding.

The State, appellee here, has filed no brief, but since a simple issue is presented and the merits may be considered without the benefit of an appellee's brief, we elect to consider the case rather than reversing

outright. *First Capitol Mortgage Corp. v. Talandis Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Respondent placed his chief reliance on *In re Byrd* (1979), 68 Ill. App. 3d 849, 386 N.E.2d 385. We find significant factual and legal distinctions between *Byrd* and the instant case.

In *Byrd*, the matter was governed by the former provisions of the Mental Health Code of 1967, specifically section 3—5, (Ill. Rev. Stat. 1977, ch. 91½, par. 3—5) which reads as follows:

"Any person may request to become an informal or voluntary patient under Article IV or Article V of this Act at any time prior to a court entering an order adjudicating him to be in need of mental treatment and if the person becomes such a patient, the court shall dismiss any pending proceedings, but that when proceedings have been instituted pursuant to Articles VII or VIII of this Act, the court may require proof that such dismissal is in the best interest of that person and of the public."

The Code became effective January 1, 1979, and the operative portion here is section 3—801 (Ill. Rev. Stat. 1979, ch. 91½, par. 3—801), which reads as follows:

"A respondent may request admission as an informal or voluntary patient at any time prior to an adjudication that he is subject to involuntary admission. If the facility director approves such a request, the court may dismiss the pending proceedings but may require proof that such dismissal is in the best interest of the respondent and of the public."

It will be noted that the Code has added a requirement not present in the Code of 1967, *viz.*, the approval of the facility director. The record in the instant case contains no such approval.

In *Byrd*, there was no recent history or hospitalization; the respondent recognized his need of treatment; no doctor was asked his opinion as to whether the commitment should be voluntary or involuntary. The court then quoted from the DePaul Law Review as follows:

" 'The physician will normally recommend that the patient be allowed to admit himself on a "voluntary" basis if the person recognizes that he has a problem and wishes to remain in the hospital for treatment. If the physician feels that the person will immediately sign a request to leave or if the person has a history of frequent unauthorized absences, he will probably not recommend that the person be admitted on a "voluntary" basis.' (Beis, *Civil Commitment: Rights of the Mentally Disabled, Recent Developments and Trends*, 23 DePaul L. Rev. 42, 59 (1973).)" 68 Ill. App. 3d 849, 854, 386 N.E.2d 385.

In the case at bar the respondent had been hospitalized approximately

one year before the instant proceeding; according to one of the attending physicians, respondent here did not recognize his need for treatment but considered everyone except himself to be "crazy." While there was no direct evidence on the record of the opinion of the doctor regarding voluntary versus involuntary hospitalization, the trial court stated without objection by respondent's counsel that at the conference before hearing the doctor had indicated that involuntary commitment was proper.

The action of the trial court in denying the motion was correct, and it is affirmed.

Affirmed.

GREEN and CRAVEN, JJ., concur.