No. 3--96-0230

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                              

A.D., 1997

           

MICHAEL and KARLA WENG             ) Appeal from the Circuit      

                                   ) Court of the 14th            

          Plaintiffs-Appellants,   ) Judicial Circuit, Rock

                                   ) Island County, Illinois 

                                   )

     v.                            ) No. 95--SC--32771

                                   )

                                   ) Honorable

 THOMAS ALLISON                    ) Dennis DePorter

          Defendant-Appellee. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:

                                                                 

     The plaintiffs, Michael and Karla Weng (buyers), bought a car

from the defendant, Thomas Allison (seller).  When the car failed

to perform as they expected, the buyers sued the seller, claiming

breach of express and implied warranties.  The trial court entered

judgment in favor of the seller.  We reverse and remand.  

     At trial, the buyers testified that the seller told them that

the car in question was: "mechanically sound," "in good condition,"

"a good, reliable car," "a good car," and had "no problems."  The

car was 10 years old and had been driven approximately 96,000

miles.  Without test driving the car, the buyers agreed to purchase

it for $800.

     When the buyers attempted to drive the car home, they noticed

that the car did not seem to operate properly.  They took the car

to an automobile dealership for an inspection and learned that the

car needed extensive repairs (costing approximately $1,500) and

that it was not safe to drive.  Subsequently, they brought suit

against the seller.

     After hearing the evidence, the trial judge found that the 

seller's statements indicated to the buyers that he never had any

problems with the car.  The court found that in order for the

statements of the seller to become express warranties, they would

have to constitute the "basis of the bargain" between the parties. 

The trial judge found that the statements made by the seller to the

buyer could not become the basis of the bargain unless the buyer

reasonably relied upon them.  Finally, the trial judge found that

no one could have reasonably relied upon statements to the effect

that a 10-year-old car, driven 96,000 miles and being sold for

$800, had "no problems" and was "mechanically sound."  The trial

court ruled that because the statements did not constitute the

basis of the bargain, they were not express warranties, and entered

judgment in favor of the seller.  

     Initially, we note that the seller has not filed a brief on

appeal.  However, the record is simple and the issues are such that

the court can easily resolve them without the aid of an appellee's

brief.  Therefore, we turn to the merits of the case.  See First

Capitol Mortgage Corp. V. Talandis Construction Corp., 63 Ill. 2d

128 (1976).  

     The buyers argue on appeal that the trial court erred in

finding that the seller had not breached express warranties.  A

reviewing court may not reverse the judgment of a trial court

concerning the existence of an express or implied warranty  unless

it is clearly contrary to the manifest weight of the evidence. 

Adolphson v. Gardner-Denver Co., 196 Ill. App. 3d 396, 400-01

(1990).  For a judgment to be against the manifest weight of the

evidence, it must appear that a conclusion opposite to that reached

by the trier of fact is clearly evident. First Security Bank v.

Bawoll, 120 Ill. App. 3d 787, 794 (1983).  We find that the trial

court's judgment was against the manifest weight of the evidence. 

     Express warranties are enforceable if the statements at issue

are: (1) affirmations of fact or promise which relate to the goods

and become part of the basis of the bargain; or (2) descriptions of

the goods which are made part of the basis of the bargain.  (810

ILCS 5/2-313 (Michie 1994)), see, Redmac, Inc. v. Computerland of

Peoria, 140 Ill. App. 3d 741 (1986).   If the goods fail to conform

to the affirmations or promises, the seller may be held accountable

for breach of warranty.

     In this matter, the seller's statements to the buyers that the

car was "mechanically sound," "in good condition," and had "no

problems" were affirmations of fact and descriptions of the car

that created an express warranty.  Capital Equipment Enterprises v.

North Pier Terminal Company, 117 Ill. App. 2d 264, 266 (1969)

(representation by seller that crane was "in good condition"

created express warranty); Sass v. Spradlin, 66 Ill. App. 3d 976,

981 (1978) (seller's statement that truck was in "undamaged

condition" when it in fact had a defective transmission was breach

of express warranty).

     We find the trial court's ruling that the statements of the

seller could not have been part of the basis of the bargain simply

because no reasonable persons could have relied upon those 

statements was erroneous.  The trial court misconstrued the role of

reliance in determining whether an affirmation of fact or

description is part of the basis of the bargain.  Affirmations of

fact made during the bargain are presumed to be part of the basis

of t