VICTORIA S. GINGREY, n/k/a Victoria S. Smith, Plaintiff-Appellant, v. FRANK LAMER, Defendant-Appellee.

Third District    No. 3—99—0713

Opinion filed August 2, 2000.—Rehearing denied August 30, 2000.

Victoria S. Smith, of Homer Township, appellant *pro se*.

No brief filed for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Victoria S. Smith, appeals from the judgment of the trial court awarding custody of her son, David Gingrey, to the defendant, David's father, Frank Lamer. On appeal, Victoria contends that the trial court proceeded improperly when it interviewed David *in camera* with no court reporter present. We agree. Consequently, we vacate the judgment of the trial court and remand the cause for further proceedings.

Initially, we note that Frank has not filed a brief. However, since the record is simple and the issues can be decided without an appellee's brief, we will address the issues on the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493 (1976).

Victoria and Frank were never married. Their son, David, was

born in January 1983. Various legal proceedings followed David's birth, including a paternity action and numerous actions surrounding the payment, or nonpayment, of child support by Frank.

In January 1998, Victoria and Frank discussed the possibility that David might move to Alabama to live with Frank. According to Victoria, she was working on the afternoon shift and neither she nor her husband was available to supervise David. As a result, he had become a disciplinary problem. In March 1998, David moved in with Frank.

Frank filed a petition for custody of David in March 1999. Victoria opposed the petition. The docket entry for the day of the hearing on Frank's petition reveals that the trial court conducted an *in camera* interview with David. However, the docket entry further discloses that no court reporter was present. No transcript of that interview was made part of the record. In a written order, the trial judge determined that it was in David's best interests for custody to be awarded to Frank.

On appeal, Victoria claims, *inter alia*, that the trial court proceeded improperly when it failed to have its *in camera* interview with David transcribed and made a part of the record.

■ Section 604(a) of the Illinois Marriage and Dissolution of Marriage Act (the Act) provides that when a trial court considers matters of custody and visitation, the court may interview the child in chambers to ascertain the child's wishes. 750 ILCS 5/604(a) (West 1998). This section further provides that the court "shall cause a court reporter to be present who shall make a complete record of the interview instantaneously to be part of the record in the case." 750 ILCS 5/604(a) (West 1998). Legislative use of the word "shall" is generally considered to express an intent for the provision to be mandatory. *Hoffman Estates Professional Firefighters Ass'n v. Village of Hoffman Estates*, 305 Ill. App. 3d 242, 711 N.E.2d 1109 (1999). The use of the word "shall" in this particular statute is mandatory, and the presence of a court reporter at an *in camera* interview cannot be waived by the parties. *DeYoung v. DeYoung*, 62 Ill. App. 3d 837, 379 N.E.2d 396 (1978). The absence of a transcript of the *in camera* interview is prejudicial to the party who is not granted custody and provides no means of determining whether the trial court's decision constituted an abuse of discretion. *DeYoung*, 62 Ill. App. 3d 837, 379 N.E.2d 396.

■ In the case at bar, it is clear that no court reporter was present during the trial judge's *in camera* interview with David so no transcript of the interview was made part of the record. As the *DeYoung* court pointed out, the lack of a transcript prejudices both Victoria's attempts to obtain a reversal of the trial court's decision and this court's efforts to review that decision. We hold, then, that the

trial court erred in failing to have a court reporter present during its *in camera* interview with David and in failing to have a transcript of that interview made part of the record. Accordingly, we must vacate the judgment awarding custody to Frank and remand the matter to the trial court for proceedings which comply with the requirements of section 604(a) of the Act.

We recognize that the circuit courts of this state are currently faced with a shortage of court reporters. We further recognize that our decision in this matter may exacerbate that problem. However, we do not write the laws of the state; we must interpret and enforce them as written. In the instant case, the law is clear and unambiguous. A court reporter must be present for *in camera* interviews and a transcript of the interview must be made part of the record.

In light of our decision, we need not address the other issues raised in Victoria's brief.

The judgment of the circuit court of Will County is vacated and the matter remanded for further proceedings.

Vacated and remanded.

HOLDRIDGE and LYTTON, JJ., concur.