777 N.E.2d 1059 (2002)
333 Ill. App.3d 1113
268 Ill.Dec. 136
In re ESTATE OF Henrietta BISHOP (Dwayne W. Bishop, Petitioner-Appellant, William Y. Franks, Respondent-Appellee).
No. 2-01-0690.
Appellate Court of Illinois, Second District.
September 27, 2002.
*1060 Dwayne W. Bishop, North Chicago, Pro Se.
William Y. Franks, Waukegan, for William Franks.
Justice BOWMAN delivered the opinion of the court:
On November 27, 2000, Hazel Lacy and Janetta Collins filed in the circuit court of Lake County a petition to appoint a guardian for their mother, Henrietta Bishop, and to have Henrietta adjudicated a disabled person. On December 4, 2000, the court appointed attorney William Franks as guardian ad litem for Henrietta. Henrietta's son, Dwayne Bishop, challenged the petition and, alternatively, sought to be appointed as Henrietta's guardian. On March 9, 2001, the parties withdrew their petitions and the court dismissed the matter and discharged the guardian ad litem. Attorney Franks subsequently filed a petition in which he requested $1,525 in fees for his services as guardian ad litem. The court entered an order granting attorney Franks his requested amount. The court further ordered Henrietta to pay one-half of the fees and Henrietta's children to pay the remaining half. The court entered judgment in the amount of $121.08 against each of Henrietta's children: Hazel, Janetta, Dwayne, Joseph Bishop, John Bishop, and James Bishop. Dwayne filed a motion to vacate the judgment against him, which the trial court denied. Dwayne appeals (appearing pro se), arguing that the trial court lacked the authority to order him to pay part of the guardian ad litem fees. We affirm the trial court's judgment.
No appellee's brief has been filed in this case. However, where the record is simple and the issues are such that we can easily decide them without the aid of an appellee's brief, we may choose to address the merits of the appeal. First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill.2d 128, 133, 345 N.E.2d 493 (1976). Accordingly, we choose to address the issue raised by appellant.
Section 11a-10 of the Probate Act of 1975(Act) (755 ILCS 5/11a-10 (West 2000)) governs the award of fees to a guardian ad litem in a proceeding involving the guardianship of a disabled adult. That section provides that upon the filing of a petition the court shall appoint a guardian ad litem to report to the court concerning the respondent's best interests unless the court determines that such appointment is not necessary for the respondent's protection or a reasonably informed decision on the petition. 755 ILCS 5/11a-10(a) (West 2000). Section 11 a-10(a) further provides that "[t]he court may allow the guardian ad litem reasonable compensation." 755 ILCS 5/11a-10(a) (West 2000). Section 11a-10(c) specifies the parties who may be ordered to pay the guardian ad litem fees. 755 ILCS 5/11a-10(c) (West 2000). That section provides as follows:
"If the respondent is unable to pay the fee of the guardian ad litem or appointed counsel, or both, the court may enter an order for the petitioner to pay all such fees or such amounts as the respondent or the respondent's estate may be unable to pay. However, in cases where the Office of State Guardian is the petitioner, consistent with Section *1061 30 of the Guardianship and Advocacy Act, or where an elder abuse provider agency is the petitioner, pursuant to Section 9 of the Elder Abuse and Neglect Act, no guardian ad litem or legal fees shall be assessed against the Office of State Guardian or the elder abuse provider agency." 755 ILCS 5/11a-10(c) (West 2000).
Under section 11a-10(c), the only parties against whom the court may assess guardian ad litem fees are the respondent or the respondent's estate and the petitioner, so long as the petitioner is not the Office of State Guardian or an elder abuse provider agency. Courts have interpreted section 11a-10(c) narrowly, so as to prohibit the assessment of fees against any person or entity who does not fit into one of the categories specified in the statute. In In re Estate of Stoica, 203 Ill.App.3d 225, 229, 148 Ill.Dec. 555, 560 N.E.2d 1152 (1990), the court held that section 11a-10(c) must be strictly construed because the allowance and recovery of costs rest entirely upon statutory provisions. The trial court in Stoica ordered the petitioner, the County of Cook, to pay the respondent's guardian ad litem fees. Before its amendment effective in 1995 (Pub. Act 89-396, § 15, eff. August 20, 1995), section 11a-10(c) provided that, if a respondent was unable to pay the guardian ad litem or appointed counsel fees, "the court shall enter an order upon the State to pay from funds appropriated by the General Assembly for that purpose, all such fees or amounts as the respondent is unable to pay." Ill.Rev. Stat.1985, ch. 110½, par. 11a-10(c). Stoica held that the trial court had no authority to require the petitioner, Cook County, to pay the guardian ad litem fees because the statute clearly directed the court to order the State to pay the fees if the respondent could not do so. Stoica, 203 Ill.App.3d at 231, 148 Ill.Dec. 555, 560 N.E.2d 1152. After Stoica, the legislature amended section 11a-10(c) to allow for the assessment of guardian ad litem fees against the petitioner when the respondent or his or her estate is unable to pay (Pub. Act 89-396, § 15, eff. August 20,1995).
When a statute is unambiguous, courts must interpret the statute to mean what it clearly expresses. Stoica, 203 Ill.App.3d at 229, 148 Ill.Dec. 555, 560 N.E.2d 1152. They may not expand or restrict its meaning and must enforce it as enacted by the legislature. Stoica, 203 Ill.App.3d at 229, 148 Ill.Dec. 555, 560 N.E.2d 1152.
Applying the principles of strict construction set forth in Stoica, we conclude that section 11a-10(c) clearly expresses that a court may assess guardian ad litem fees only against a respondent or his or her estate or, in the event the respondent is unable to pay, against the petitioner. That being said, however, we conclude that Dwayne is properly considered a petitioner.
Respondent's daughters, Hazel Lacy and Janetta Collins, filed the initial petition for guardianship. Dwayne subsequently filed a "Counter Petition for Appointment of Guardian for Person, Adult" in which he asked that Henrietta not be adjudicated a disabled person or, in the alternative, that he be named her guardian. By filing his petition, Dwayne inserted himself into the matter and created issues to which the guardian ad litem had to respond, namely, whether Dwayne should be appointed as Henrietta's guardian. For these reasons, the trial court could properly consider Dwayne a petitioner within the meaning of section 11a-10(c) and require him to pay a portion of the guardian ad litem fees. Because Dwayne is the only party to this appeal, we do not address the assessment of fees against any other individual.
*1062 For the foregoing reasons, we affirm the judgment of the circuit court of Lake County.
Affirmed.
HUTCHINSON, P.J., and KAPALA, J., concur.