*In re* MARRIAGE OF BYRON HINES, Petitioner-Appellant, and MARY LOU HINES, Respondent-Appellee.

Second District   No. 2—04—0616

Opinion filed March 22, 2005.

Gunnar J. Gitlin and Ericka Bree Pavey, both of Gitlin Law Firm, of Woodstock, for appellant.

No brief filed for appellee.

JUSTICE McLAREN delivered the opinion of the court:

In this interlocutory appeal, petitioner, Byron Hines, appeals the trial court's order granting the motion of respondent, Mary Lou Hines, to disqualify Byron's counsel in this postdissolution-of-marriage proceeding. We reverse and remand.

Although Mary Lou did not file an appellee's brief, we will consider this appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976). The facts are taken from the evidentiary hearing and the affidavit of petitioner's counsel, Gunnar Gitlin.

██ On appeal, Byron argues that the trial court failed to properly consider the factors enunciated in *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 179 (1997), to determine whether an attorney should be disqualified. Rule 1.9 of the Illinois Rules of Professional Conduct provides that an attorney must refrain from representing a person with interests that are materially adverse to the interests of a former client. 134 Ill. 2d R. 1.9. "Attorney disqualification is a drastic measure because it destroys the attorney-client relationship by prohibiting a party from representation by counsel of his or her choosing." *Schwartz*, 177 Ill. 2d at 178. Therefore, a party seeking disqualification of counsel based on Rule 1.9 bears the burden of proving the prior attorney-client relationship and "establishing that the present and former representations are substantially related." *Schwartz*, 177 Ill. 2d at 174, 178. In determining whether the two representations are substantially related, the court must consider the following: (1) the scope of the former representation; (2) whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters; and (3) whether the information is relevant to the issues raised in the litigation pending against the former client. See *Schwartz*, 177 Ill. 2d at 178. The determination whether to disqualify an attorney rests within the sound discretion of a trial court, and a reviewing court will not disturb that determination absent an abuse of discretion. *Schwartz*, 177 Ill. 2d at 176. A trial court abuses its discretion when no reasonable person would have agreed with the position adopted by the trial court. *Schwartz*, 177 Ill. 2d at 176.

█ Regarding the first two prongs of the *Schwartz* test, Mary Lou consulted with Joseph Gitlin of Gitlin & Gitlin for one hour in 1994 to discuss her divorce from Byron. Joseph prepared a memo reviewing the consultation. Mary Lou's relationship with Joseph and Gitlin & Gitlin ended there. The memo indicates that Mary Lou and Joseph

discussed whether gifts Mary Lou received from her father would be considered marital assets; the division of marital property; child support; maintenance; whether Mary Lou could move out of state with her children; and Mary Lou's dissatisfaction with her current attorney. Although Gunnar was a partner at Gitlin & Gitlin at the time of Mary Lou's consultation with Joseph, Gunnar left Gitlin & Gitlin in 2002 and there is no evidence that Gunnar read the memo, had any knowledge of the issues discussed during the consultation, or was privy to any confidential information. Therefore, the application of the first two prongs of the *Schwartz* test to the facts at bar does not support Mary Lou's position.

Regarding the third prong, the current litigation involves only the issue of the allocation of college expenses for the parties' oldest child. Mary Lou has failed to present evidence that the information she provided Joseph in 1994 is relevant to the current issue. Although Mary Lou discussed her assets with Joseph, the parties' assets were distributed more than 10 years ago in accordance with the settlement agreement. Nothing in the record indicates that the information given to Joseph over 10 years ago is relevant to the issue involved in the current litigation. For these reasons, we conclude that Mary Lou failed to meet her burden of showing a substantial relationship between the matters involved in the two representations for purposes of Rule 1.9. See *Schwartz*, 177 Ill. 2d at 183. Accordingly, the trial court abused its discretion by granting Mary Lou's motion to disqualify Gunnar as Byron's counsel.

The judgment of the circuit court of McHenry County is reversed, and the cause is remanded for further proceedings

Reversed and remanded for further proceedings.

BOWMAN and BYRNE, JJ., concur.