2024 IL App (1st) 231809-U

FIFTH DIVISION
August 30, 2024

No. 1-23-1809

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| RICARDO SANTILLAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M4 003211 |
| | ) | |
| THE TOWN OF CICERO, | ) | Honorable |
| | ) | Carl Evans Jr., |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE MIKVA delivered the judgment of the court.
Justices Lyle and Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We reverse the circuit court's judgment granting plaintiff's *pro se* complaint for administrative review and affirm the administrative decision of a Town of Cicero sustaining the tow of plaintiff's car.

¶ 2    Defendant, the Town of Cicero (the Town), appeals from the circuit court's order granting plaintiff Ricardo Santillan's complaint for administrative review, vacating a tow order, and ordering the release of Mr. Santillan's car. On appeal, the Town contends that the circuit court erred in reversing because the Town's administrative determination that Mr. Santillan's registration had expired was not against the manifest weight of the evidence and there was no legal

basis for reversing the tow order. For the following reasons, we agree, reverse the judgment of the circuit court, and affirm the administrative decision sustaining the tow of Mr. Santillan's vehicle.

¶ 3                                      I. BACKGROUND

¶ 4      Although the record on appeal does not contain a report of proceedings, it does contain a bystander's report approved by the circuit court. See Ill. S. Ct. R. 323(c) (eff. July 1, 2017). In addition, many of these facts are apparent from the common law record which includes Mr. Santillan's *pro se* complaint for administrative review, an April 21, 2023, Cicero Police Department call for service form, and an administrative tow hearing disposition form.

¶ 5      An April 21, 2023, Cicero Police Department call for service form indicates a "PARKING VIOLATION" related to a 2004 green vehicle, resulting in a "TICKET/CITATION." This document further indicates that permission to tow was requested "based on expiration" and that permission was granted.

¶ 6      The record reveals that the Town holds "Tow Hearings" on Wednesdays from 5 p.m. until 8 p.m. Pursuant to the Town's "Tow Hearing Requirements," to request a hearing, a person must be the legal owner of the vehicle and must provide (1) proof of ownership including current vehicle registration and title, (2) valid proof of insurance, (3) identification, and (4) receipts for any payments made to the tow yard and the police department.

¶ 7      Mr. Santillan contested the tow at a May 3, 2023, hearing. The administrative tow hearing disposition form states, "TOWING AND STORAGE TO STAND," and contains a handwritten notation of "Proper Tow." There are also copies of excerpts of the Cicero Code of Ordinances, including section 94-221, with "(1) No valid registration or license plate" highlighted, and section 94-455 with the title "Unregistered or unlicensed motor vehicles" highlighted. See Cicero Code of Ordinances, §§ 94-221(1) (eff. Dec. 27, 2017); 94-455 (eff. Mar. 24, 1987).

¶ 8     On June 6, 2023, Mr. Santillan filed a *pro se* complaint for administrative review in the circuit court. Attached were copies of an "Official Vehicle Emission Test Notice" with a test by date of April 30, 2022, a 2022 Illinois Registration Identification Card with an expiration date of April 30, 2022, and a 2022 Illinois Registration Identification Card with an expiration date of August 31, 2022. Also attached was a copy of Mr. Santillan's insurance card effective May 3, 2023.

¶ 9     On September 19, 2023, following a hearing, the circuit court granted Mr. Santillan's complaint for administrative review, vacated the tow, and ordered the tow yard to release the vehicle.

¶ 10     On November 11, 2023, the Town filed a motion to approve a bystander's report pursuant to Supreme Court Rule 323(c) (eff. July 1, 2017). On November 21, 2023, the circuit court certified the bystander's report, which is part of the record on appeal.

¶ 11     Per the bystander's report, at the September 19, 2023, hearing, the circuit court stated that the Town's "Record of Proceedings" was insufficient. The court noted that the record only included the relevant ordinances, a call for service, and Mr. Santillan's registration and insurance information. The court said that there was no "24-hour tow notice" sticker affixed to the car, as required by the Town of Cicero. The circuit court also requested any official recording of the administrative hearing.

¶ 12     Counsel for the Town requested an opportunity to contact Town personnel to determine if any additional records, recordings, or documents existed. The court rejected this request, stating that the court "continuously" saw cases "like the subject case" from the Town. The court further stated that "whatever 'proof' or Record(s) of proceedings" had been submitted by the Town were "deficient in the same manner" in those cases. The court found the "Record of Proceedings" was

"against the manifest weight of the evidence." The court granted Mr. Santillan's complaint for administrative review, vacated the tow order, and ordered the car released to Mr. Santillan.

¶ 13 On June 7, 2024, on this court's own motion after Mr. Santillan had not filed either an appearance or a brief in response to the Town's brief, we took the appeal on the record and the Town's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (we may consider an appeal on an appellant's brief only where the record is simple and the claimed error can be easily decided without the aid of an appellee's brief).

¶ 14 II. JURISDICTION

¶ 15 The circuit court entered its final order in this case on September 19, 2023, and the Town timely filed its notice of appeal on October 6, 2023. We have jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 16 III. ANALYSIS

¶ 17 On appeal, the Town contends that the citation and towing of Mr. Santillan's vehicle based upon an expired registration was correct and consistent with its enforcement ordinances, and the circuit court therefore erred in reversing the Town's decision to tow Mr. Santillan's car.

¶ 18 In an appeal from an administrative agency's decision, we review the agency's determination, not that of the circuit court. See *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531 (2006). The question before this court is whether the evidence in the record supports the tow hearing officer's determination that Mr. Santillan's registration was expired and, if so, whether that was an appropriate basis for towing his car.

¶ 19 Under the Administrative Review Law, "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct." 735

ILCS 5/3-110 (West 2022). We review questions of fact under the manifest weight of the evidence standard and questions of law *de novo*. *Marconi*, 225 Ill. 2d at 532. "An administrative agency decision is against the manifest weight of the evidence only if the opposite conclusion is clearly evident." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88 (1992). "[U]nder any standard of review, a plaintiff to an administrative proceeding bears the burden of proof, and relief will be denied if he or she fails to sustain that burden." *Marconi*, 225 Ill. 2d at 532-33.

¶ 20    Under the Illinois Vehicle Code, "[e]very motor vehicle *** when driven or moved upon a highway shall be subject to" registration, except under enumerated circumstances that are not relevant here. 625 ILCS 5/3-402(A) (West 2022). The Cicero Code of Ordinances adopts the Illinois Vehicle Code and enumerates violations related to such registration that include no valid registration or license plate and expired registration or license plate. See Cicero Code of Ordinances, § 94-221(1), (2) (eff. Dec. 27, 2017). Pursuant to the Code of Ordinances, "[a]uthorized town officials and employees upon finding vehicles parked in violation of this section, shall be authorized and directed to enforce this subsection by ticketing or towing, if necessary." Cicero Code of Ordinances, § 94-221(c) (eff. Dec. 27, 2017).

¶ 21    Based on the record before us, we cannot say the tow hearing officer's determination that this was a "Proper Tow" was inconsistent with the law or against the manifest weight of the evidence. The documents presented at the hearing show that Mr. Santillan's vehicle was towed on April 21, 2023, "based on expiration." The documents that are part of the record include an Illinois registration identification card issued to Mr. Santillan that expired on August 11, 2022. The hearing officer ruled, at the May 3, 2023, hearing, "No Reduction" and "Proper Tow." Nothing in the administrative record supports a claim that the hearing officer's conclusion that Mr. Santillan's

registration had expired was against the manifest weight of the evidence. It appears to us that the Town's ordinance allows for towing a parked car that has an expired registration.

¶ 22    In short, we cannot conclude that the tow hearing officer's decision to deny Mr. Santillan relief was contrary to the law or against the manifest weight of the evidence. Thus, the decision of the Town should be affirmed and the decision of the circuit court must be reversed.

¶ 23                                    IV. CONCLUSION

¶ 24    For the foregoing reasons, we reverse the circuit court's order granting Mr. Santillan's complaint for administrative review and affirm the judgment of the Town of Cicero sustaining the tow of Mr. Santillan's vehicle.

¶ 25    Circuit court judgment reversed; decision of Town of Cicero affirmed.