**MEDTRONIC, INC., Plaintiff,**

v.

**INTERMEDICS, INC. and Seaberg Medical, Defendants.**

**No. CIV-4-93-626.**

United States District Court,
D. Minnesota,
Fourth Division.

May 3, 1995.

Kathleen Erickson DiGiorno, David Carl Forsberg, Michael J Kane, Briggs & Morgan, St Paul, MN, John F. Lynch, W. Bryan Farney, Michael T. McLemore, Richard L. Stanley, Henry A. Petri, Jr., Suzanne Lecocke, James D. Smith, Arnold White & Durkee, Houston, TX, David L. Bilsker, Arnold White & Durkee, Palo Alto, CA, for Medtronic, Inc.

Robert C. Weiss, Jeffrey M. Olson, Paul H. Meier, James P. Brogan, Lyon & Lyon, Los Angeles, CA, Samuel D. Heins, Stacey L. Mills, Heins Mills & Olson, Minneapolis, MN, David B. Murphy, Robert M. Taylor, Jr., Lyon & Lyon, Costa Mesa, CA, for Intermedics, Inc., Seaberg Medical, Inc.

## ORDER

NOEL, United States Magistrate Judge.

THIS MATTER came before the undersigned Magistrate Judge on the 30th of January, 1995 for a hearing on plaintiff's motion to compel testimony and production of documents regarding defendant Intermedics' interpretation and understanding of a 1988 settlement agreement.

## I. The Parties' Positions

Plaintiff Medtronic ("Medtronic") asserts that defendant Intermedics ("Intermedics") has, through its pleadings, put its interpretation and understanding of a 1988 Settlement Agreement ("Agreement") between the parties at issue. However, Intermedics has refused to allow discovery into Intermedics' intent and understanding of the Agreement; it asserts either attorney-client or work product privilege. Peter Dorflinger, general counsel for Intermedics, was identified as the person with 30(b)(6) knowledge of this Agreement. Dorflinger has asserted privilege even for fact questions about the Agreement. Also, Intermedics is claiming privilege as to all internal communications related to the Agreement, and has refused to produce some documents relevant to the Agreement on the grounds of privilege.

Medtronic argues Intermedics should be compelled to produce factual information, internal discussions not involving an attorney, and a 30(b)(6) witness capable of testifying about Intermedics' interpretation of the Agreement. In the alternative, Intermedics should be precluded from asserting the attorney-client privilege for 30(b)(6) testimony about Intermedics' interpretation or understanding of the Agreement.

Intermedics responds that Medtronic is trying to rely on testimony of Intermedics' attorneys to avoid the clear language of the Agreement. The materials sought by Medtronic form no element of any claim or defense. Intermedics has not injected its own extrinsic interpretation or understanding of the Agreement into the case. Instead, the document speaks for itself. Because Intermedics' interpretation and understanding is within the four corners of the Agreement, no extrinsic evidence, particularly privileged information, need be produced.

## II. The Court's Analysis

■ There is no settled rule finding implied waiver of attorney-client privilege. Common factors to finding implied waiver

are (1) assertion of the privilege is a result of an affirmative act; (2) through the affirmative act, the asserting party has placed the protected information at issue by making it relevant; and (3) application of privilege would deny the opposing party access to information vital to its defense. *Hearn v. Rhay,* 68 F.R.D. 574 (E.D.Wash.1975). In an Eighth Circuit opinion, the court looked to two elements to determine if waiver of attorney-client privilege could be implied: (1) implied intention and (2) fairness and consistency. *Sedco Int'l, S.A. v. Cory,* 683 F.2d 1201 (8th Cir.1982), *cert. denied,* 459 U.S. 1017, 103 S.Ct. 379, 74 L.Ed.2d 512 (1982).

All parties in this case agree that the only persons with extrinsic knowledge or evidence of the interpretation of the Agreement are lawyers. Dorflinger, Intermedics' 30(b)(6) witness, is general counsel for Intermedics.

■ The court is persuaded, based on Intermedics' representation that the document speaks for itself, that extrinsic evidence of Intermedics' understanding or interpretation of the agreement is irrelevant. Intermedics' interpretation of the agreement, based on the four corners of the document, will be determined to be either correct or incorrect.[1] Intermedics argues that its interpretation is based solely on the four corners of the document and requires no outside evidence. As long as that remains true, no extrinsic evidence is needed and Intermedics has waived no privilege.

To the extent Intermedics intends to offer extrinsic evidence to bolster its interpretation of the document, it has waived the privilege attached to Intermedics' interpretation of the document. Once Intermedics offers any extrinsic evidence, it has affirmatively moved outside the four corners of the document to provide an understanding and interpretation of the Agreement. Extrinsic evidence is *any* evidence beyond the four corners of the Agreement, including testimony or documents, relevant to Intermedics' understanding or interpretation of the Agreement.

Intermedics is asserting the privilege merely as a shield when it does not plan to offer extrinsic evidence of its own. However, if it offers its own evidence of the Agreement, then the privilege is asserted as a sword and a shield. *See Bieter Co. v. Blomquist,* 156 F.R.D. 173, 179 (D.Minn.1994) (applying *Sedco,* finding waiver where assertion would allow privilege to be used as both shield and sword). Intermedics would be able to protect documents it does not want disclosed by raising the attorney-client privilege, and offer documents in support of its case by brandishing privileged documents of its choice. In this case, fairness requires that Intermedics choose a single course of action—either complete waiver or complete protection.

Within ten days of this Order, Intermedics must notify Medtronic whether it intends to rely on extrinsic evidence to support its interpretation of the Agreement. If Intermedics so intends, then the privilege has been waived and Intermedics must produce the documents requested by Medtronic in its motion to compel.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Defendant Medtronic's motion to compel testimony and production of documents [# 65] is DENIED WITHOUT PREJUDICE. Plaintiff Intermedics has ten (10) days from the date of this Order to notify defendant Medtronic whether it intends to use any extrinsic evidence in support of its interpretation of the Agreement. If Intermedics so intends, then the privilege is waived and defendant Medtronic's motion is granted.

---

1. As such, this case is distinguishable from *Pitney–Bowes, Inc. v. Mestre,* 86 F.R.D. 444 (S.D.Fla.1980). In *Pitney–Bowes,* the intent of the parties was at issue. Here, Intermedics is not relying on the advice and interpretation of its counsel as its defense. If the Agreement does not support Intermedics' position, Intermedics will suffer the natural consequences.