2024 IL App (1st) 230901-U

No. 1-23-0901

Order filed December 18, 2024

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| HONOR FINANCE, LLC; HONOR FINANCE HOLDINGS, LLC; CIVIC-HONOR INVESTMENT, LLC; CIVIC PARTNERS FUND IV, L.P.; CIVIC PARTNERS FUND IV-A.L.P.; and CIVIC EXECUTIVE FUND IV, L.P., | ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 19 L 5135 |
| JAMES ROBERT COLLINS; THE JAMES R. COLLINS FAMILY, L.P.; ROBERT FRANK DIMEO; HONOR CAPITAL, LLC; LHS SOLUTIONS LTD.; CHICAGO AUTO EXCHANGE, LLC; 49 SALEM LANE, LLC; BGB MANAGEMENT, LLC; MICHAEL KIRBY WALSH; MICHAEL WALSH & ASSOCIATES, LTD.; ABRAHAM POTTS; and SIGNATURE BANK, N.A., | ) ) ) ) ) ) ) ) ) ) ) | Honorable Mary Colleen Roberts, Judge, presiding. |
| Defendants-Appellees. | ) | |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We vacate the trial court's friendly civil contempt order. We remand this matter to the trial court with directions to conduct an *in camera* review of the plaintiffs'

claimed privileged materials and determine whether any of the information therein is protected under either the attorney-client privilege or work product doctrine.

¶ 2     This is an interlocutory appeal filed pursuant to Illinois Supreme Court Rule 304(b) (eff. March 8, 2016) from a friendly civil contempt order. The contempt order arises from a pretrial discovery dispute. The dispute concerns whether the plaintiffs impliedly waived their attorney-client and work product privileges when they relied on information and materials, which they alleged are privileged and protected from disclosure, to support the claims in their complaint that were pled on information and belief. The trial court determined that the plaintiffs impliedly waived their right to assert that the materials were privileged. For the reasons that follow, we remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4     The plaintiffs—Honor Finance, LLC; Honor Finance Holdings, LLC; Civic-Honor Investment, LLC; Civic Partners Fund IV, L.P.; Civic Partners Fund IV-A.L.P.; and Civic Partners Executive Fund IV, L.P.—are a collection of companies and investors engaged in the business of originating and servicing subprime loans for used automobiles.

¶ 5     Individual defendants James R. Collins and Robert F. DiMeo are, respectively, the former Chief Executive Officer and Chief Operating Officer of Honor Finance, LLC. The remaining defendants are individuals who allegedly provided certain advice and services to Collins and DiMeo, and corporate entities allegedly owned, controlled, or affiliated with Collins or DiMeo. These individuals and entities are collectively referred to as "defendants."

¶ 6     Plaintiffs filed suit in May 2019 alleging claims for breach of fiduciary duty; aiding and abetting breach of fiduciary duty; fraud; conspiracy to defraud; and diversion of corporate profits, commissions, and assets. The complaint and first amended complaint contained several allegations based on information and belief.

¶ 7     During discovery, defendants served interrogatories and requested documents supporting the factual basis for certain allegations that were pled on information and belief, particularly for facts within plaintiffs' exclusive control. Plaintiffs objected to the discovery request on the grounds that it was overly broad, unduly burdensome, and premature. Plaintiffs also asserted that the materials were protected from disclosure by the attorney-client and work product privileges.

¶ 8     The trial court held a hearing on defendants' motion to compel and subsequently entered a written order on July 11, 2020. The court found that plaintiffs had impliedly waived their attorney-client and work product privileges against disclosure when they relied on alleged protected information and materials to support their information and belief allegations. The court determined that, "[b]y using the information in these privileged documents to form the bases for their information and belief in their complaint, Plaintiffs put the information in issue because the information forms the basis of the lawsuit."

¶ 9     The trial court ordered plaintiffs to produce "documentary evidence supporting the bases for their information and belief in response to Defendants Interrogatories 1-45." Plaintiffs filed a motion to reconsider, in which they offered to "provide a copy of the Protected Information to the Court *ex parte* for *in camera* review should the Court believe that it is necessary and appropriate." According to plaintiffs, the protected information consisted "of a portion of an investigative file that was prepared by counsel and forensic accountants working at the direction of counsel and in contemplation of litigation." This protected information was shared in confidence with plaintiffs for the purpose of providing them with "legal advice and guidance."

¶ 10    The trial court denied the motion for reconsideration without conducting an *in camera* review. In denying the motion, the court stated in part:

        "Plaintiffs squarely put the privileged matters at issue by objecting to interrogatories on

the bases of 'information and belief' on the grounds of attorney-client privilege and work product doctrine. In doing so, Plaintiffs emblematically attempt to use privilege as a sword and a shield. Illinois law forbids such tactics."

¶ 11 After the denial of their motion for reconsideration, plaintiffs, through counsel, advised the court that plaintiffs would not comply with the court's discovery order and requested that plaintiffs be held in friendly civil contempt of court for the purpose of seeking appellate review. The circuit court entered an order on April 20, 2023, finding plaintiffs in friendly civil contempt of court and assessed $1 as a sanction.

¶ 12 On May 18, 2023, plaintiffs filed a timely notice of appeal from the circuit court's orders granting defendants' motion to compel discovery and denying their motion for reconsideration.

¶ 13 Plaintiffs filed their opening appellant brief on September 15, 2023. After defendants failed to file a responsive brief within the time prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008), another panel of this court, on its own motion, ordered that the case be "taken for consideration on the record and appellant's brief only." We will consider the merits of the appeal, as defendants' brief sufficiently presents the issues, the record is relatively simple, and the claimed errors can be decided without the aid of an appellee's brief. *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 14                                 II. ANALYSIS

¶ 15 Plaintiffs challenge the trial court's discovery ruling that they impliedly waived their attorney-client and work product privileges. Trial courts have broad discretion in ruling on discovery matters and absent an abuse of that discretion, the court's ruling will not be disturbed on appeal. *RN Acquisition, LLC v. Paccar Leasing Co.*, 2022 IL App (1st) 211314, ¶ 33. "An abuse of discretion will be found only where the trial court's ruling is arbitrary, fanciful, or unreasonable,

or where no reasonable person would take the view adopted by the trial court." *In re Jovan A.*, 2014 IL App (1st) 103835, ¶ 20.

¶ 16                    A. Attorney-Client and Work Product Privileges

¶ 17    The attorney-client and work product privileges are found in Illinois Supreme Court Rule 201(b)(2) (eff. July 1, 2014). See *Waste Management, Inc. v. International Surplus Lines Insurance Co.*, 144 Ill. 2d 178, 189 (1991). Rule 201(b)(2) provides in part that:

> "All matters that are privileged against disclosure on the trial, including privileged communications between a party or his agent and the attorney for the party, are privileged against disclosure through any discovery procedure. Material prepared by or for a party in preparation for trial is subject to discovery only if it does not contain or disclose the theories, mental impressions, or litigation plans of the party's attorney."

¶ 18                    B. Waiver of Privileges

¶ 19    Both privileges are waivable. *Selby v. O'Dea*, 2017 IL App (1st) 151572, ¶ 34; *Shapo v. Tires 'N Tracks, Inc.*, 336 Ill. App. 3d 387, 394 (2002). In general, waiver is the voluntary relinquishment of a known right that arises from an affirmative, consensual act that intentionally relinquishes that known right. *Center Partners, Ltd. v. Growth Head GP, LLC*, 2012 IL 113107, ¶ 66. "There is no precise formula or clearly defined set of parameters spelling out when a waiver occurs." *Selby*, 2020 IL App (1st) 181951, ¶ 175. "The determination of whether a party has waived the privilege must be made on a case-by-case basis." *Center Partners*, 2012 IL 113107, ¶ 66. "The waiver can be either express or implied." *Lama v. Preskill*, 353 Ill. App. 3d 300, 305 (2004).

¶ 20    "A clear example of an express waiver is when a client voluntarily testifies about privileged communications." *Center Partners*, 2012 IL 113107, ¶ 66. "The client may also waive the privilege by expressly agreeing to do so or by failing to assert the privilege when privileged

information is requested." *Id.*

¶ 21                               C. Implied Waiver

¶ 22    Here, the trial court based its ruling on the doctrine of implied waiver of the attorney-client privilege, which holds that a client impliedly waives the privilege " 'when the client voluntarily injects into the case either a factual or legal issue, the truthful resolution of which requires examination of the communications.' " *Selby*, 2020 IL App (1st) 181951, ¶ 178 (quoting *Center Partners*, 2012 IL 113107, ¶ 35). A party impliedly waives the attorney-client privilege when the party puts the attorney-client communications at issue by affirmatively relying on the communications to assert a claim or defense. *In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018).

> "Common factors to finding implied waiver are (1) assertion of the privilege is a result of an affirmative act; (2) through the affirmative act, the asserting party has placed the protected information at issue by making it relevant; and (3) application of the privilege would deny the opposing party access to information vital to its defense." *Medtronic, Inc. v. Intermedics, Inc.*, 162 F.R.D. 133, 134-35 (D. Minn. 1995); see also *Pyramid Controls, Inc. v. Siemens Industrial Automations, Inc.*, 176 F.R.D. 269, 272 (N.D. Ill. 1997).

¶ 23    The implied waiver doctrine is based on considerations of fairness that prevent the party holding the privilege from simultaneously using confidential information both as a sword and a shield. *Selby*, 2020 IL App (1st) 181951, ¶¶ 179-80. "[W]hen a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege." *Willy v. Administrative Review Board*, 423 F.3d 483, 497 (5th Cir. 2005).

¶ 24    "An implied waiver may be found when the client asserts claims or defenses that put his or her communications with the legal advisor at issue in the litigation." *Center Partners*, 2012 IL

113107, ¶ 66; see also *In re Lott*, 424 F.3d 446, 455 (6th Cir. 2005) (finding implied waiver "where the holder of the privilege has taken some affirmative step to place the content of the confidential communication into the litigation.")

¶ 25    An implied waiver of the attorney-client privilege has been found where a client sues its attorney for legal malpractice or where a criminal defendant raises a claim of ineffective assistance of counsel. *Selby*, 2020 IL App (1st) 181951, ¶ 201. In such cases, "waiver is applicable to earlier communications between the now-adversarial parties." *Shapo*, 336 Ill. App. 3d at 394. "Because of the important public policy considerations that necessitated the creation of the attorney-client privilege, the 'at issue,' or implied waiver, exception is invoked only when the contents of the legal advice is integral to the outcome of the legal claims of the action." *Metropolitan Life Insurance Co. v. Aetna Casualty & Surety Co.*, 249 Conn. 36, 52-53 (1999).

¶ 26    A party impliedly waives work product protection if the party "places the substance of the documents for which the protection is claimed at issue." *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003) (quoting James Wm. Moore et al., 6 *Moore's Federal Practice* 26.70[6][c] at 26-226 (3d ed. 1997)); see also *Waste Management*, 144 Ill. 2d at 199-200 (implied waiver of work product occurs "where the sought-after material is either the basis of the lawsuit or the defense thereof.")

¶ 27    In this case, the trial court found that plaintiffs impliedly waived their attorney-client and work product privileges against disclosure of the protected materials where they relied on the materials to support their information and belief allegations.

¶ 28    "Pleading facts 'on information and belief' is a widely used device in both state and federal practice." *Challenging Your Beliefs About 'Information and Belief,'* 21 No. 9 Westlaw Journal Intellectual Property 2 (August 20, 2014). "A plaintiff may sometimes be forced to present

allegations that are based on information and belief, particularly when the necessary facts are within the defendant's sole knowledge." *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 42. "When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are 'based on secondhand information that [he] believes to be true.' " *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011) (quoting Black's Law Dictionary 783 (7th ed. 1999)).

¶ 29    Plaintiffs' first amended complaint repeatedly alleges facts based on information and belief, and each of plaintiffs' claims are partly based on allegations of information and belief. Plaintiffs contend, however, that these allegations did not put the contents of the privileged information at issue and therefore the "affirmative act" requirement for implied waiver is missing.

¶ 30    Plaintiffs argue that they did not "solely" or "principally" rely on protected information to support their information and belief allegations, but rather on other materials they tendered in discovery. Plaintiffs claim they produced the non-privileged portions of their investigative file, forensic computer and phone images, and offered to produce forensic images of Collins's and DiMeo's email mailboxes. They add that "most" of their information and belief allegations involve matters for which the protected information is either irrelevant or inadmissible.

¶ 31    Implied waiver of the attorney-client privilege is narrowly construed. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of America (UAW) v. Honeywell Int'l Inc.*, 300 F.R.D. 323, 327 (E.D. Mich. 2014); *In re Lott*, 424 F.3d at 453-54. "Courts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.' " *In re Lott*, 424 F.3d at 453 (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)). We believe the trial court applied the implied waiver doctrine too broadly.

¶ 32   Here, rather than finding that plaintiffs impliedly waived the attorney-client privilege by affirmatively putting the contents of their attorney's communications at issue, the trial court found implied waiver based upon plaintiffs' alleged reliance on the protected materials to support their information and belief allegations. The trial court, however, did not conduct an *in camera* inspection of the contents of the privileged materials to determine whether plaintiffs' reliance on the materials constituted an "affirmative act" resulting in an implied waiver.

¶ 33   Moreover, the trial court failed to consider the attorney-client privilege separately from the work product privilege. These privileges "are separate and distinct protections and waiver of one does not serve as waiver of the other." *Waste Management*, 144 Ill. 2d at 189. "Because the attorney-client privilege and work product doctrine have different standards of waiver, they must be considered separately." *SNK Corp. of America v. Atlus Dream Entertainment Co., Ltd.*, 188 F.R.D. 566, 571 (N.D. Cal. 1999); see *Waste Management*, 144 Ill. 2d at 189 (addressing each privilege separately); *Daily v. Greensfelder, Hemker & Gale, P.C.*, 2018 IL App (5th) 150384, ¶ 20 (same).

¶ 34   Before the trial court reaches the conclusion that plaintiffs waived certain privileges, we think it incumbent on the court to review the materials to accurately ascertain if the privileges were waived. Accordingly, we believe that the best course of action is to remand this matter to the trial court to conduct an *in camera* inspection of the privileged materials to determine whether plaintiffs' reliance on the materials constituted an "affirmative act" resulting in an implied waiver of privileges. If the trial court determines that plaintiffs impliedly waived the attorney-client and/or work product privileges, the court should ensure that the waiver is narrowly applied. Considering our determination to remand the case for further review by the trial court, we vacate the court's friendly civil contempt order.

¶ 35                                    III. CONCLUSION

¶ 36    For the foregoing reasons, we vacate the order of friendly civil contempt. We reverse and remand this matter to the trial court with directions to conduct an *in camera* review of the plaintiffs' claimed privileged materials and determine whether any of the information therein is protected under the attorney-client privilege or work product doctrine.

¶ 37    Reversed and remanded with directions.